CARAWAY, J.
| ^n the trial of this collection suit, the defendant objected to the introduction into evidence of certain documents contained in the plaintiffs file regarding the defendant’s alleged delinquency. The trial court allowed the documents into evidence and granted judgment in favor of the plaintiff. The defendant appeals and re-urges its objection to the evidence. Finding the documents’ introduction into evidence appropriate, we affirm the trial court’s judgment.

Facts

Plaintiff, Louisiana Safety Association of Timbermen-Self Insurance Fund (hereinafter the “Fund”), filed suit against defendant, Dani’s Catfish & Steakhouse, Inc. (hereinafter “DC & S”), in Winnfield City Court asserting that DC & S owed the Fund for workers’ compensation insurance premiums for 1996 and 1997. The total sought was $1,698.46, together with interest and attorney’s fees.
At trial, over the objection of DC <& S, the Fund introduced business documents identified by the Fund’s collection manager, James Parker. He testified that in his position as collections manager, he was familiar with the file of DC & S and that he also had experience as an independent auditor hired by the Fund before he became the Fund’s employee in 2001. The disputed documents introduced through his testimony are: (1) DC & S’s 1995 application and agreement for membership for self-insurance coverage with the Fund; (2) an audit of DC & S’s payroll for 1996, performed for the Fund by Louisiana Audit Services; and (3) final audit billings sent to DC & S [?,by the Fund. The court admitted these documents into evidence *1149 pursuant to the business records exception to the hearsay rule.
From these records in the Fund’s file for DC & S, Parker testified that the 1996 audit showed that DC & S had underpaid its premiums in the amount of $368. After DC & S became further delinquent in 1997, the coverage ceased in May of that year. In the absence of an audit for the coverage period in 1997, the Fund’s premium that was charged to DC & S was prorated for five months of coverage based upon the 1996 audited payroll amounts. Parker testified that DC & S owed $1,330.46 in premiums for the five months of coverage for 1997.
After trial, the court gave written reasons for judgment stating that even absent the introduction of the disputed evidence, the plaintiff proved a prima facie case. The court also rejected the only defense offered by DC & S pertaining to workers’ compensation coverage of one of DC & S’s employees, Gwen Plunkett. The court then awarded judgment as prayed for by the Fund. DC & S now appeals arguing that the business documents should have been excluded from evidence as hearsay and that premiums charged for Gwen Plunkett were improper.

Discussion

The relevant articles of the Code of Evidence for resolution of this controversy are as follows:
Art. 801. Definitions.
A. Statement. A “statement” is:
(1) An oral or written assertion; or
(2) Nonverbal conduct of a person, if it is intended by him as an assertion. |3B. Declarant. A “declarant” is a person who makes a statement.
C. Hearsay. “Hearsay” is a statement, other than one made by the declarant while testifying at the present trial or
hearing, offered in evidence to prove the truth of the matter asserted.
D. Statements which are not hearsay. A statement is not hearsay if:
⅝ ⅜ ⅜ ⅜ ⅜
(2) Personal, adoptive, and authorized admissions. The statement is offered against a party and is:
(a) His own statement, in either his individual or a representative capacity;
(b) A statement of which he has manifested his adoption or belief in its truth; or
(c) A statement by a person authorized by him to make a statement concerning the subject.
Art. 803(6). Records of regularly conducted business activity. A memorandum, report, record, or data compilation, in any form, including but not limited to that which is stored by the use of an optical disk imaging system, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if made and kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make and to keep the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. This exception is inapplicable unless the recorded information was furnished to the business either by a person who was routinely acting for the business in reporting the information or in circumstances under which the statement would not be excluded by the hearsay rule. The term “business” as used in this Paragraph *1150 includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit. Public records and reports which are specifically excluded from the public records exception by Article 803(8)(b) shall not qualify as an exception to the hearsay rule under this Paragraph.
The exception to the hearsay rule addressed in La. C.E. art. 803(6) concerns records of regularly-conducted business activity. The article requires that:
|41. The record of an event must have been made at or near the time of the event;
2. The record of an event must have been made either by, or from information transmitted by, a person with knowledge;
3. It must be made and kept in the course of a regularly conducted business activity;
4. It was the regular practice of that business activity to make and keep such records;
5. The recorded information must have been furnished to the business either (a) by a person who was routinely acting for the business in reporting the information; or (b) in circumstances under which the statement would not be excluded by the hearsay rule; and
6. Neither sources of information nor the method or circumstances of preparation must indicate a lack of trustworthiness.
State v. Juniors, 03-2425 (La.6/29/05), 915 So.2d 291, cert. denied, Juniors v. Louisiana, — U.S. -, 126 S.Ct. 1940, 164 L.Ed.2d 669 (2006); Alexander v. Fulco, 39,293 (La.App.2d Cir.2/25/05), 895 So.2d 668, writ denied, 05-0781 (La.5/6/05), 901 So.2d 1107; Cole Oil & Tire Co., Inc. v. Davis, 567 So.2d 122 (La.App. 2d Cir. 1990).
Despite the trial court’s ruling, the “Application and Agreement for Membership” was executed by DC & S and evidences the company’s own statement of the parties’ relationship and contract. Accordingly, it is not hearsay under the provisions of Article 801(D)(2). See, Hayles v. Sonat Exploration Co., 02-1890 (La.App. 4th Cir.3/3/04), 868 So.2d 276. The contract states that DC & S agreed “to cooperate in any way with the Fund in regard to periodic audits.” DC & S also acknowledged in the agreement its obligations as a member/employer of a group self-insurance fund under the Louisiana Workers’ Compensation Act, La. R.S. 23:1195, et seq. The Act requires an annual “premium audit” for the employer’s participation in a | Rself-insurance fund, “to be conducted by an independent payroll audit firm.” La. R.S. 23:1196.
The next document in the Fund’s file for DC & S was the actual independent audit of the employer’s payroll for 1996. We agree with the trial court that this audit of DC & S’s payroll records was admissible under the business records exception to the hearsay rule. As indicated by DC & S’s application for membership in the Fund and the Workers’ Compensation Act, such audit is a regular practice of the business. The independent auditing firm, Louisiana Audit Services, performed the financial review of DC & S’s 1996 payroll records in a timely manner in early 1997 for the assessment of premiums. The method of preparation and source of information indicate trustworthiness. Therefore, the document was properly admitted.
From the 1996 audit report and the testimony of Parker, the delinquent insurance premiums were substantially established by the Fund’s evidence. The final documents objected to by DC & S were merely notices of its delinquency given by *1151 the Fund, and such notices were also properly admitted into evidence.
DC & S’s final argument relates to the workers’ compensation insurance coverage for Gwen Plunkett. The record shows that this employee was the daughter-in-law of the business owners. There is no explanation given by DC & S why this employee would not be a covered employee under the Act. On DC & S’s application for membership in the Fund, only the two owners of the business elected to be excluded from [ (¡coverage. Moreover, DC & S did not attempt to show how the amount owed for premiums, or any portion thereof, was attributable to the coverage pertaining to this employee.

Conclusion

For the reasons set forth above, the trial court’s judgment is hereby affirmed at appellant’s costs.
AFFIRMED.