576 So.2d 551 (1991)
Herbert YOUNG, etc.
v.
Davy P. LABORDE.
No. 90-C-2047.
Court of Appeal of Louisiana, Fourth Circuit.
February 28, 1991.
*552 Gregory D. Guth, New Orleans, for plaintiffs-respondents.
Stephen J. Laborde, New Orleans, for defendant-relator.
Before SCHOTT, C.J., and BARRY and WARD, JJ.
SCHOTT, Chief Judge.
On the application of defendant, Davy P. Laborde, we granted certiorari in order to consider the validity of a judgment of the trial court setting aside a previous judgment dismissing the suit against Laborde. The issue is whether, under the circumstances of this case, the principal demand must be dismissed as abandoned when plaintiff takes no step in the prosecution of the case for five years, but during this period the defendant filed pleadings in prosecution of his reconventional demand.
This case arose out of a fight between two minors, Byron Young and Jonathan Vedato, on one side and relator, Laborde, on the other. The fathers of the minors filed the suit on October 10, 1983 alleging that the minors suffered injuries from batteries committed on them by relator during the fight. On October 19, 1983 relator answered the suit and filed a reconventional demand for damages allegedly sustained by him from batteries committed on him by the minors during the fight. Thereafter, relator took a preliminary default on his reconventional demand and, after obtaining extensions, plaintiffs, as defendants in reconventional demand, answered the reconventional demand on October 2, 1986. In the meantime, plaintiffs took no action on the principal demand until long after October 19, 1988.
On October 9, 1990, relator filed a motion and obtained an ex parte order dismissing the principal demand as abandoned pursuant to LSA-C.C.P. art. 561. On October 15, plaintiffs filed a motion to set aside this order of dismissal and after a contradictory hearing the trial court granted plaintiffs' motion.
Art. 561 provides that an action is abandoned "when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years...." Relator argues that steps taken by him in the prosecution of his reconventional demand did not qualify as steps in the prosecution or defense of the principal demand so that the principal demand was abandoned.
In Sterling v. Insurance Company of Pennsylvania, 572 So.2d 835 (La.App. 4th Cir.1991), this court held that payment of compensation and medical benefits for more than five years by defendant constituted a waiver of defendant's claim of abandonment by plaintiff under art. 561. Tracing the evolution of the article from C.C. art. 3519, the court quoted language from Melancon v. Continental Casualty Co., 307 So.2d 308, 311 (La.1975), to the effect that a defendant waives his right to plead abandonment by taking action in the case inconsistent with an intent to treat the case as abandoned. The court reasoned that art. 561 embodies this principle by providing that abandonment takes place when the "parties fail to take any step in (the) prosecution or defense ... for a period of five years." (Emphasis supplied).
These two demands arose out of a single fight. Whether either side recovers depends upon who was the aggressor and notions of self defense. The assertion of relator's reconventional demand was necessarily a step in the defense to the principal demand. Finally, where, as here, there is some reasonable question about abandonment of the demand, any doubt should be resolved in favor of allowing the prosecution of the claim and against dismissal for abandonment.
The policy behind the abandonment article supports this conclusion. When a party takes no steps in the prosecution of a claim for five years, the logical inference is that the party intends to abandon the claim and the law gives effect to this inference. In *553 this way courts and litigants are relieved of stale claims. But in the present case, plaintiffs had no incentive or basis for abandoning their claims when relator was vigorously prosecuting his and plaintiffs were responding to his pleadings. To treat plaintiffs' claims as abandoned under these circumstances would not accommodate the courts and would not promote the interests of justice.
Accordingly, the judgment setting aside the earlier dismissal of plaintiffs' case is affirmed.
AFFIRMED.