# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 04-699

**A&B BOLT & SUPPLY, INC.**

**VERSUS**

**DAVID S. DAWES AND WHITCO SUPPLY, L.L.C.**

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT,
PARISH OF LAFAYETTE, NO. 2003-3999,
HONORABLE KRISTIAN D. EARLES, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

## MICHAEL G. SULLIVAN
### JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Jimmie C. Peters, Michael G. Sullivan, and John B. Scofield,[*] Judges.

**REVERSED AND REMANDED.**

**Alan K. Breaud**
**David John Calogero**
**Breaud & Lemoine**
**Post Office Box 3448**
**Lafayette, Louisiana  70502**
**(337) 266-2200**
**Counsel for Plaintiff/Appellant:**
    **A&B Bolt & Supply, Inc.**

---

[*]John B. Scofield participated in this decision by appointment of the Louisiana Supreme Court as Judge *Pro Tempore.*

**Jeffrey M. Baudier**
**Jennifer L. Anderson**
**H. Mark Adams**
**Jones, Walker, Waechter, Poitevent,**
 **Carrere & Denegre**
**500 Dover Blvd., Suite 120**
**Lafayette, Louisiana  70503**
**(337) 406-5610**
**Counsel for Defendants/Appellee:**
        **David S. Dawes**
        **Whitco Supply, L.L.C.**

SULLIVAN, Judge.

A&B Bolt & Supply, Inc. (A&B) appeals the trial court's grant of judgment on the pleadings in favor of David S. Dawes (Dawes) and Whitco Supply, L.L.C. (Whitco). For the following reasons, we reverse.

### *Facts and Procedural Background*

Dawes and other family members were once the owners of A&B. After successfully developing the business, the Dawes family sold their interest in A&B to Industrial Holdings, Inc., which sold it to T-3 Energy Services, Inc. (T-3), the present owner. Dawes signed an Employment Agreement (Agreement) with T-3 that became effective May 7, 2001. The Agreement had an initial term of two years and provided for two renewable terms of one year each. The Agreement expired on May 7, 2003, but Dawes remained with T-3 as an "at will" employee until July 1, 2003, when he resigned. At that time, he formed his own company, Whitco, which conducts the same type of business A&B conducts.

The Agreement contained the following provisions which are pertinent to the issues presented herein:

> **1. <u>Term.</u>** Employer hereby agrees to employ Employee and Employee hereby accepts employment, on the terms and conditions hereinafter set forth. *The term of Employee's employment under this Agreement shall commence on the date hereof ("Effective Time") and shall continue until the earliest of (a) the date Employer terminates it for just cause upon fifteen (15) days written notice, (b) the death of Employee, or (c) two (2) years (the "Term of Employment").* The term of Employee's employment is renewable for two one-year periods thereafter upon the mutual agreement of the parties.
>
> . . . .
>
> **3.3 <u>Covenant Not to Compete</u>**. Employee hereby agrees that:
>
> > **3.3.1. <u>Business of Company</u>**. The business of the Company is to distribute fastener related products, pipes, valves,

fittings, and other supplies to companies in the oil and gas and industrial fabrication industries (the "Business").

**3.3.2**. *During the Term of Employment and for one (1) year following the termination or resignation of Employee's employment under this Agreement (the "Non-Compete Period")*, he will not . . . work on the acquisition or development of any line of business, property or project in which the Employer is then involved or has worked with or evaluated in the last year.

**3.3.3.** During the Term of Employment and during the Non-Compete Period, he will not solicit or induce any person who is or was employed by the Employer at any time during such term or period (A) to interfere with the activities or Business of the Employer in the Territory or (B) to discontinue his or her employment with the Employer, or employ any such person in a business or enterprise which competes with the Business of the Employer in the Territory.

. . . .

**9.2** *Any termination of Employee's employment and any expiration of the Term of Employment under this Agreement shall not affect the continuing operation and effect of Section 3 hereof* or this Section 9, which shall continue in full force and effect with respect to [E]mployer and Employee and their respective heirs, executors, personal representatives, successors or permitted assigns. Nothing in Section 9 hereof shall be deemed to operate or shall operate as a release, settlement of discharge of any liability of Employee to Employer or others from any act or omission by Employee enumerated in Section 8 hereof as a possible basis for termination of Employee's employment for good cause.

(Emphasis added.)

On July 23, 2003, A&B filed a Petition for Temporary Restraining Order, Preliminary and Permanent Injunction and Damages, which was granted by the trial

2

court. The temporary restraining order (TRO) was dissolved after a hearing on a motion to dissolve the TRO filed by Dawes and Whitco. A&B filed a writ application with this court, seeking to reverse the action of the trial court. The application was denied in an unpublished opinion. *See A&B Bolt & Supply, Inc. v. Dawes*, 03-1073 (La.App. 3 Cir. 8/15/03). A&B's writ application to the supreme court was also denied. *See A&B Bolt & Supply, Inc. v. Dawes*, 03-2411 (La. 9/5/03), 852 So.2d 1034. Dawes and Whitco then filed a Motion for Judgment on the Pleadings or, alternatively, to Clarify and/or Correct Judgment. After a hearing, the trial court granted the motion and dismissed the action with prejudice.

A&B appeals and assigns three errors:

1) the trial court failed to properly interpret the contract pursuant to the applicable articles of the Civil Code;

2) the trial court erred in refusing to enforce the Agreement;

3) the trial court erred in granting a Motion for Judgment on the Pleadings.

### *Standard of Review*

A motion for judgment on the pleadings presents solely a question of law. *Lemelle v. City of Opelousas*, 540 So.2d 1232 (La.App. 3 Cir. 1989)*; Dragon v. Am. Bank & Trust Co.*, 205 So.2d 473 (La.App. 3 Cir. 1967). Appellate review of a question of law is simply to determine whether the trial court was legally correct. *Weeks v. T.L. James & Co., Inc.*, 626 So.2d 420 (La.App. 3 Cir. 1993), *writs denied*, 93-2909, 93-2936 (La. 1/28/94), 630 So.2d 794.

### *Discussion*

### *Motion for Judgment on the Pleadings*

Article 965 of the Louisiana Code of Civil Procedure provides:

3

Any party may move for judgment on the pleadings after the answer is filed, or if an incidental demand has been instituted after the answer thereto has been filed, but within such time as not to delay the trial. For the purposes of this motion, all allegations of fact in the mover's pleadings not denied by the adverse party or by effect of law, and all allegations of fact in the adverse party's pleadings shall be considered true.

"A motion for judgment on the pleadings should be granted only when facts are so clear and unquestioned that a trial on the merits is unwarranted." *Noel v. Pelican Well Logging Serv., Inc.*, 93-1277, p. 4 (La.App. 3 Cir. 5/4/94), 640 So.2d 529, 531. The trial and the appellate courts are limited to a review of the pleadings. For purposes of this motion, all facts contained in the pleadings filed by the party against whom the motion for judgment on the pleadings is filed must be assumed to be true, and all allegations made by mover are denied. *Id.*

The trial court's grant of judgment on the pleadings was premised on A&B's allegations that Dawes and Whitco were in violation of the Covenant Not to Compete provision of the Agreement and the following phrase contained within that provision: "During the Term of Employment and for one (1) year following the termination or resignation of Employee's employment *under this Agreement*." (Emphasis added). The trial court interpreted this phrase to provide that only termination or resignation "under [the] Agreement" triggered the Covenant Not to Compete and that Dawes was not terminated nor did he resign "under [the] Agreement" because the Agreement expired by its own terms two months before he resigned. Therefore, the trial court reasoned that the Covenant Not to Compete was never effected.

The trial court did not consider the effect of other provisions of the Agreement on paragraph **3.3.2**. Paragraph **9.2** provides in part: "*Any termination of Employee's employment and any expiration of the Term of Employment under this Agreement*

4

*shall not affect the continuing operation and effect of Section 3 . . . which shall continue in full force and effect."* This language indicates that the parties intended the Covenant Not to Compete to be effective regardless of whether Dawes' employment was terminated under the terms of the Agreement or whether the Agreement simply expired under its own terms. This is the opposite of what the trial court determined. Accordingly, the facts of this matter are not "clear," and the judgment on the pleadings was improperly granted.

### *Disposition*

The judgment of the trial court is reversed, and the case is remanded to the trial court for further proceedings. The costs of this appeal are assessed to David S. Dawes and Whitco Supply, L.L.C.

**REVERSED AND REMANDED.**