STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 06-1003


A & B BOLT & SUPPLY, INC.

VERSUS

DAVID S. DAWES, ET AL.


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20033999
HONORABLE KRISTIAN DENNIS EARLES, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and Billy Howard Ezell, Judges.

REVERSED.

H. Mark Adams
Jennifer Lynn Anderson
Alia S. Zohur
Jones, Walker
201 St. Charles Ave., 47th Fl.
New Orleans, LA 70170
(504) 582-8000
Counsel for Defendants/Appellees:
David S. Dawes
Whitco Supply, L.L.C.

**Alan K. Breaud**
**Timothy Wayne Basden**
**Breaud & Lemoine**
**P. O. Drawer 3448**
**Lafayette, LA 70502**
**(337) 266-2200**
**Counsel for Plaintiff/Appellant:**
**A & B Bolt & Supply, Inc.**

**Jeffrey M. Baudier**
**Attorney at Law**
**500 Dover Blvd, Ste 120**
**Lafayette, LA 70503**
**(337) 406-5610**
**Counsel for Defendants/Appellees:**
**David S. Dawes**
**Whitco Supply, L.L.C.**

**SAUNDERS, Judge.**

Employer, A & B Bolt & Supply, Inc. (A&B), filed a petition for temporary restraining order (TRO), preliminary and permanent injunction, and damages against former employee, David S. Dawes (Dawes), and his business, Whitco Supply, L.L.C. (Whitco), for allegedly violating a covenant not to compete, which was granted. After the TRO was subsequently dissolved, employee and his business filed a motion for judgment on the pleadings.

The trial court granted the motion and dismissed the action with prejudice basing its ruling on reasoning that the covenant not to compete was never effected because the agreement between the parties expired by its own terms before employee resigned.

The Third Circuit reversed this ruling by reasoning that the trial court did not consider the effect of other provisions of the agreement indicating that the parties intended the covenant not to compete to be effective regardless of whether employee's employment was terminated under the terms of the agreement or whether the agreement simply expired under its own terms.

On remand the employee filed a motion for summary judgment. The motion was granted by the trial court and employer's case was again dismissed with prejudice. The trial court reasoned that the covenant not to compete had expired because the agreement between the parties expired by its own terms before employee resigned.

Employer appealed. We reverse.

**FACTS AND PROCEDURAL HISTORY**

David S. Dawes and other family members were once the owners of A&B. After successfully developing the business, the Dawes family sold their interest in

A&B to Industrial Holdings, Inc., which sold it to T-3 Energy Services, Inc. (T-3), the present owner. Dawes signed an Employment Agreement (Agreement) with T-3 that became effective May 7, 2001. The Agreement had an initial term of two years and provided for two renewable terms of one year each. The Agreement also had a Covenant Not to Compete that prevented Dawes from competing with A&B for one year after his cessation of employment with A&B. The Agreement expired on May 7, 2003, but Dawes remained with T-3 as an "at will" employee until July 1, 2003, when he resigned. At that time, he formed his own company, Whitco, which conducts the same type of business that A&B conducts.

On July 23, 2003, A&B filed a Petition for Temporary Restraining Order, Preliminary and Permanent Injunction and Damages, which was granted by the trial court. The TRO was dissolved after a hearing on a motion filed by Dawes and Whitco. A&B filed a writ application with this court seeking to reverse the action of the trial court. The application was denied in an unpublished opinion. *See A&B Bolt & Supply, Inc. v. Dawes*, 03-1073 (La.App. 3 Cir. 8/15/03). A&B's writ application to the supreme court was also denied. *See A&B Bolt & Supply, Inc. v. Dawes*, 03-2411 (La. 9/5/03), 852 So.2d 1034.

Dawes and Whitco then filed a motion for judgment on the pleadings or, alternatively, to clarify and/or correct judgment. After a hearing, the trial court granted the motion and dismissed the action with prejudice.

A&B appealed the trial court's grant of a motion for judgment on the pleadings and the trial court was reversed. *See A&B Bolt & Supply, Inc. v. Dawes*, 04-0699 (La.App. 3 Cir. 11/10/04), 888 So.2d 1023, *writ denied*, 05-265 (La. 4/1/05), 897 So. 2d 609.

On remand, Dawes and Whitco filed a motion for summary judgment. The trial court granted this motion reasoning that the covenant not to compete had expired because the agreement between the parties expired by its own terms before Dawes resigned. A&B appealed this ruling. We reverse.

**ASSIGNMENT OF ERROR:**

1. Did the trial court err in granting summary judgment in favor of Dawes and Whitco on the basis that all obligations under the Agreement, including the covenant not to compete, ended at the expiration of the two year term of employment?

**ASSIGNMENT OF ERROR #1:**

A&B contends that the trial court erred in granting summary judgment dismissing its claims against the defendants on the basis that all obligations under the agreement, including the covenant not to compete, ended at the expiration of the two year term of employment. We agree.

Appellate courts conduct a de novo review of rulings on motions for summary judgment. "It is well established that a summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law." *Alfred Palma, Inc., v. Crane Servs. Inc.*, 03-0614, p.3 (La.App. 3 Cir. 11/5/03), 858 So.2d 772, 774 (*quoting Shelton v.* 700/*Associates*, 01-0587, p.5 (La. 10/16/01), 798 So.2d 60, 65); La.Code Civ.P. art. 966.

"If the words of a contact are clear, explicit, and lead to no absurd results, it must be interpreted by reference to the 'four corners' of the document and no further interpretation can occur in search of the parties' intent." *Hebert v. Insurance Center,*

3

*Inc.*, 97-298, p.5 (La.App. 3 Cir. 1/7/98), 706 So.2d 1007, *writ denied* 98-353 (La. 3/27/98), 716 So.2d 888, La.Civ.Code art. 2046.

The Covenant Not to Compete is found in Section 3.3 of the Agreement and is as follows: (emphasis supplied)

Employee hereby agrees that:

3.3.1 Business of Company. The business of the Company is to distribute fastener related products, pipes, valves, fittings and other supplies to companies in the oil and gas and industrial fabrication industries (the "Business").

3.3.2 *During the Term of Employment and for one (1) year following the termination or resignation of Employee's employment under this Agreement* (the "Non-Compete Period"), he will not in association with or as an officer principal, member, advisor, agent, partner, director, stockholder, employee or consultant of any corporation (or sub-unit, in the case of a diversified business) or other enterprise, entity or association that competes with the Business of the Employer in the Territory (as defined in Section 3.3.4 below), work on acquisition or development of any line of business, property or project in with the Employer is then involved or has worked with or evaluated in the last year; and (Emphasis added)

3.3.3 During the Term of Employment and during the Non-Compete Period, he will not solicit or induce any person who is or was employed by the Employer at any time during such term or period (A) to interfere with the activities or Business of the Employer, or employ any such person in a business or enterprise which competes with the Business of the Employer in the Territory. In addition, during the Term of Employment and during the Non-Compete Period, he will not (C) request any present or future customer or supplier of the Employer to curtail or cancel its business with Employer in the Territory, or (D) unless otherwise required by law, disclose to any person, firm or corporation any details or organization or business affairs of the Employer, any names of past or present customers of the Employer or any other non-public information concerning the Employer.

The pertinent part of Section 9.2 of the agreement is as follows:

Any termination of Employee's employment and any expiration of the Term of Employment under this Agreement shall not affect the continuing operation and effect of Section 3 hereof or this Section 9, which shall continue in full force and effect with respect to employer

4

and Employee and their respective heirs, executors, personal representatives, successors or permitted assigns.

The trial court found that when the term of the contract ended both parties were free to do whatever they wished. The court reasoned that if A&B did not have to continue honoring their part of the contract, then Dawes no longer had to honor any part of the contact he signed. The trial court reached this conclusion even in light of Section 9.2 above. The court made this conclusion because it reasoned that Section 9.2 would only have effect if the contract was still in effect. We disagree.

Section 3.3.2 provides that Dawes may not compete with A&B "During the Term of Employment and for one (1) year following the termination or resignation of Employee's employment under this Agreement." His employment with A&B "under this Agreement" ended May 7, 2003, when the contract expired and Dawes became an "at will" employee. Accordingly, under section 3.3.2, Dawes was not allowed to compete until May 7, 2004, one year from the day that his employment "under this Agreement" was concluded. The fact that Dawes continued to work as an "at will" employee does not change the terms of the agreement he signed and certainly does not relieve Dawes from his contractual obligation to refrain from competing with A&B for a period of one year after his employment ended "under this Agreement.".

The trial court reasoned that Dawes' July 1, 2003, resignation did not trigger the non-compete obligation as the resignation was from Dawes' status as an "at will" employee. It is true that Dawes' July resignation did not trigger the non-compete obligation, but it is equally true that the non-compete obligation was triggered by the expiration of the Agreement on May 7, 2003.

This court found in *A&B Bolt and Supply, Inc*, 888 So.2d at 1026 that "This language [Section 9.2] indicates that the parties intended the Covenant Not to Compete to be effective regardless of whether Dawes' employment was terminated under the terms of the Agreement or whether the Agreement simply expired under its own terms." We see nothing in the record to change how this court has already ruled.

As such, the ruling of the trial court granting Dawes' and Whitco's motion for summary judgment is reversed and this case is remanded for further proceedings not inconsistent with this ruling.

**CONCLUSION**

The judgment of the trial court is reversed, and the case is remanded to the trial court for further proceedings. The costs of this appeal are assessed to David S. Dawes and Whitco Supply, L.L.C.

**REVERSED.**