STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT


10-492 c/w 09-1563


A&B BOLT & SUPPLY, INC.

VERSUS

DAVID S. DAWES and WHITCO SUPPLY, L.L.C.

**********
APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2003-3999
HONORABLE KRISTIAN EARLES, PRESIDING
**********


SYLVIA R. COOKS
JUDGE


**********

Court composed of Sylvia R. Cooks, James David Painter, and David E. Chatelain[1] Judges.


AFFIRMED AND REMANDED.

Stephen A. Stefanski
Edwards, Stefanski & Zaunbrecher
P.O. Drawer 730
Crowley, La 70527
(337) 783-7000
Attorney For Defendant/Appellee
  Whitco Supply, L.L.C.

Gerald C. deLaunay
Perrin, Landry, deLaunay, Dartez & Ouellet
P.O. Box 53597
Lafayette, LA 70505
(337) 237-8500
Attorney For Defendant/Appellee
  David S. Dawes

---

[1]Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**Alan K. Breaud**
**Timothy W. Basden**
**P.O. Box 3448**
**Lafayette, LA 70502**
**(337) 266-2200**
**Attorneys For Plaintiff/Appellant,**
**A&B Bolt & Supply, Inc.**

**COOKS, Judge.**

<u>                    </u>**FACTS AND PROCEDURAL HISTORY**

David S. Dawes (Dawes) built a successful business known as A&B Bolt &

Supply, Inc. (A&B). A&B engages in the sale of products such as pipes, valves,

fittings, and other supplies in the oil and gas fabrication industry. Eventually Dawes

sold the business enterprise to Industrial Holdings, Inc. (Industrial) for approximately

twenty-one million dollars. Industrial subsequently sold the business to T-3 Energy

Services, Inc. (T-3 Energy) which presently owns the company. T-3 Energy offered

Dawes and his brother employment packages to remain as officers and employees of

A&B. Dawes signed an Employment Agreement dated May 7, 2001, which included

a section entitled "Covenant Not To Compete." He agreed to stay on as a Vice-

President of A&B for a base salary of one hundred forty thousand dollars and other

benefits including stock options and bonuses. The agreement had an initial term of

two years with renewable one-year periods.

The non-compete provisions of the agreement were to be effective while

Dawes remained employed with the new owner and for one year after his termination

or resignation of employment. The agreement included a list of thirty-one named

parishes in the state of Louisiana which comprised the Territory covered by the

agreement. Under the express terms of the agreement, drafted by Industrial, Dawes

agreed not to "work on the acquisition or development of any line of business,

property or project in which the Employer is then involved or has worked with or

evaluated in the last year." Dawes also agreed not to:

> [s]olicit or induce any person who is or was employed by the Employer
> at any time during such term or period (A) to interfere with the activities
> or Business of the Employer in the Territory or (B) to discontinue his or
> her employment with the Employer, or employ any such person in a
> business or enterprise which competes with the Business of the
> Employer in the Territory.

1

Dawes further agreed that he would not:

> [r]equest any present or future customer or supplier of the Employer to curtail or cancel its business with Employer in the Territory or (D) unless otherwise required by law, disclose to any person, firm or corporation any details of organization or business affairs of the Employer, any names of past or present customers of the Employer or any other non-public information concerning the Employer.

Dawes continued to work for A&B for a few months after his Employment Agreement (the agreement)expired on May 1, 2003 as an at-will employee. The owner of A&B informed Dawes it would be reducing his pay significantly and reassigning him to work with another of its companies. Dawes resigned his employment with A&B and along with several other former employees of A&B, including his wife, formed a new company known as Whitco Supply, L.L.C. (Whitco) on July 14, 2003. Dawes and Whitco admit Whitco directly engages in competition with A&B in the same oil-field-supply business in parishes comprising the territory described in the agreement and engages in business with customers of A&B. Dawes alleges he contacted an attorney before organizing Whitco who advised him that the non-compete agreement was not enforceable.

None of the other employees who formed Whitco as members with Dawes had any contract with A&B and were not in any manner restrained from working for A&B's competitors. Several additional employees of A&B left the company *en masse* and went to work for Whitco. A&B demanded Whitco and Dawes cease all activity in violation of Dawes' non-compete agreement until the end of the non-compete period. Whitco continued to operate in competition with A&B engaging in business with customers of A&B and other customers in the oil field industry.

A&B filed a petition against Dawes and Whitco in the Fifteenth Judicial District, Lafayette Parish, seeking a temporary restraining order (TRO) and preliminary and permanent injunctions as well as damages. The trial court issued the

TRO, but after a hearing on the matter dissolved the TRO. A&B filed a writ application seeking review of that ruling with this court which was denied, as was an application for writ of review with the Louisiana Supreme Court. Dawes and Whitco then filed a motion for judgment on the pleadings seeking a dismissal of all claims against them. The trial court granted the motion and dismissed all claims against both parties. A&B appealed the decision to this court. We reversed the trial court and remanded the case for further proceedings. *See A&B Bolt & Supply, Inc. v. Dawes*, 04-699 (La.App. 3 Cir. 11/10/04), 888 So.2d 1023, *writ denied,* 05-265 (La. 04/01/05), 897 So.2d 609. Dawes and Whitco filed a motion for rehearing which we denied. The Louisiana Supreme Court also denied writs in the matter at *A&B Bolt & Supply, Inc. v. Dawes*, 05-265 (La. 04/01/05), 897 So.2d 609.

After the remand to the trial court, Dawes and Whitco filed a joint motion for summary judgment arguing the non-compete agreement was unenforceable. Whitco also filed a motion for summary judgment asserting it was not a party to the non-compete agreement and therefore could not be restrained from competition with A&B. The trial court granted the motion for summary judgment dismissing the entire case finding the non-compete agreement was not enforceable against Dawes or Whitco. A&B appealed and we reversed the trial court's dismissal of Dawes and Whitco, remanding the case for further proceedings. *See A&B Bolt & Supply, Inc. v. Dawes*, 06-1003 (La.App. 3 Cir. 2/28/07), 948 So.2d 1143, *writ denied,* 07-660 (La. 05/11/07), 955 So.2d 1284. The Louisiana State Supreme Court denied Whitco's application for writ of certiorari at *A&B Bolt & Supply, Inc. v. Dawes*, 07-660 (La. 05/11/07), 955 So.2d 1284.

Upon remand, Whitco again filed a motion for summary judgment asserting the non-compete agreement cannot be enforced against it as it was not a party to the

3

agreement. Dawes filed a motion for partial summary judgment again alleging the non-compete agreement is not enforceable because it violated the law applicable at the time the agreement was entered into. Both Whitco and Dawes also filed an exception of res judicata alleging that the claims against them by A&B were resolved in the settlement of another suit filed on April 7, 2004, by A&B in Terrebonne Parish, Louisiana. The suit in Terrebonne Parish, brought by A&B against Dawes, Whitco, Beau Guillory (Guillory), Paul Naquin, Jamie Lebouef, and Denise Theriot, alleged Dawes, Whitco, and the other named defendants, all former employees of A&B, engaged in a conspiracy to commit corporate espionage, restraint of trade, theft of corporate secrets and proprietary information, tortious interference with business, and breach of contract by defendant Guillory. The suit alleged that all of the defendants engaged in stealing corporate information of A&B, including customer lists and orders, and planned and executed a mass walkout of all employees at A&B's Houma office. The suit further alleged "agents and/or employees of Whitco" solicited employees of A&B to work for Whitco and specifically alleged Dawes solicited A&B's employees and instructed them by telephone to stage a mass walkout and come to work for Whitco on or about March 26, 2004. A&B alleged that all of its employees in Houma left its employ and are working for Whitco. The suit did not contain any allegations concerning Dawes' non-compete agreement. The parties in the Terrebonne Parish suit reached a settlement agreement dismissing the suit with prejudice. The compromise and settlement agreement included a waiver and release which reads as follows: (emphasis added)

> By entering into this Agreement, the parties agree to forever and irrevocably waive and release one another from any and all claims, allegations, actions, and requests for relief, asserted or unasserted, *arising from the facts, circumstances, and allegations giving rise to this litigation, including,* but not limited to, all claims for damages, injunctive relief, attorney's fees, costs, and all other legal and equitable

relief, under applicable local, state of federal law, based on all claims and allegations of unfair trade practices, conspiracy and restraint of trade, conversion, intentional interference with business relations, defamation, breach of contract, and any other legal theory of relief, whether in contract, tort or otherwise.

The trial court denied Dawes' motion for summary judgment, believing it was bound by our court's decision that the non-compete agreement was enforceable. The trial court also denied Dawes' exception of res judicata. The trial court granted Whitco's motion for summary judgment and dismissed all claims against Whitco finding the employment contract containing the non-compete agreement did not apply to Whitco because it is a separate and distinct third party that did not exist at the time the employment agreement was signed. A&B appeal the judgment dismissing the claims against Whitco. Dawes filed an application for writ of review seeking review of the denial of his motion for partial summary judgment and the denial of his exception of res judicata. We granted the writ application for the purpose of consolidating the writ application with this appeal.

## LEGAL ANALYSIS

### *Previous Rulings By This Court*

In our first opinion in this case, *A&B Bolt & Supply, Inc. v. Dawes*, 888 So.2d at 1026, we held only that the judgment on the pleadings was improperly granted because, contrary to the trial court's finding, the covenant not to compete was effective regardless of whether the agreement expired under its own terms or Dawes' employment was terminated under the terms of the agreement. In the second opinion of this court, *A&B Bolt & Supply, Inc. v. Dawes*, 948 So.2d 1147, we held that the non-compete agreement was triggered by the expiration of the Agreement on May 7, 2003. We therefore reversed the trial court's granting of Dawes and Whitco's motion for summary judgment and remanded the case for further proceedings not inconsistent

5

with our ruling. We have not previously had occasion to determine whether and to what extent the non-compete agreement comports with Louisiana law as it applied at the time the parties entered into the agreement, nor have we previously addressed the issue as to the extent of Dawes' activities which are restrained by the non-compete agreement. Neither have we previously addressed the question of whether the non-compete agreement between Dawes and A&B has any application to Whitco Likewise, the issues presented in the exception of res judicata are newly raised.

### *Summary Judgment Dismissing Whitco*

The trial court has again dismissed all claims against Whitco based on its finding that Whitco is a separate and distinct third party which did not exist at the time of the non-compete agreement between Dawes and A&B and therefore is not prohibited from competing with A&B nor from hiring its employees, including Dawes. As in all summary judgments we review the matter de novo.

The record discloses Whitco is an L.L.C., organized by Dawes comprised initially of four members including Dawes and his wife. Initially, three of the members had a twenty-four and one-half percent interest (24.5%) while Dawes held a twenty-five and one-half percent interest (25.5%). The evidence of record does not clearly set forth a full one hundred percent ownership of the L.L.C.; however, we can determine that Dawes and his wife together initially controlled at least 50% of Whitco. A&B asserts that the question is not whether Whitco existed at the time of the signing of the non-compete agreement but whether Whitco is merely Dawes' "alter ego" through which Dawes has engaged in activity that he is prohibited from doing by virtue of the non-compete agreement. Plaintiff fails to make any allegations in its petition and amendments thereto which articulate any basis of recovery against Whitco. Plaintiff makes the following allegations in its petition:

6

DAWES is in breach of the Employment Agreement dated May 7, 2001, and, in particular, the Covenant Not to Compete contained therein. On July 1, 2003 **DAWES** organized your Defendant, **WHITCO**, as a limited liability company under the laws of the State of Louisiana. **DAWES** is listed as the Organizer, a Member of **WHITCO** and, additionally, as its Registered Agent for Service of Process in the records maintained by the Office of the Secretary of State for the State of Louisiana.

**DAWES** and **WHITCO** have contacted vendors of **A&B** to obtain identical products marketed and sold by **A&B** and have contacted **A&B's** customer base soliciting the same products and services provided by **A&B**.

**WHITCO** was organized for the purpose of competing directly with **A&B** and is, in fact, engaged in direct competition with the business of **A&B**.

The foregoing acts complained of are detrimental to the business of **A&B** and are in direct violation of the subject Employment Agreement and Covenant Not To Compete.

Additionally, in the concluding paragraph of Plaintiff's petition, the Plaintiff recites:

As a result of the breach of the subject Employment Agreement by the Defendant, **DAWES**, **A&B** has and will suffer damages, all as will be more particularly proven at the trial of this matter.

Thus, while Plaintiff's petition recites facts which state its basis for alleging Dawes caused it damage by breach of his employment agreement, Plaintiff does not set forth any factual allegations which form a basis of liability for Whitco. Notably absent from Plaintiff's petition is any allegation that Whitco is merely Dawes' instrument to carry out his allegedly prohibited acts, i.e., his "alter ego." Plaintiff specifically states in its petition for damages that "as a result of the breach of the Employment Agreement by the Defendant, **DAWES, A&B"** has suffered damages.

Whitco filed a motion for summary judgment arguing it should be dismissed from the case, with prejudice, because Plaintiff's petition fails to allege any facts which could establish liability on the part of Whitco. Whitco argues in support of its motion for summary judgment it was not a party to Dawes' employment contract,

was not in existence at the time the agreement was entered into between Dawes and A&B, and A&B's petition does not allege that Whitco is the "alter ego" of Dawes organized for the purpose of circumventing his employment agreement.

Motions for summary judgment are provided for in La.Code Civ. P art. 966, which provides in pertinent part:

> C. (1) After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted.
>
> (2) The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, is the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

As Whitco was not a party to the employment agreement between Dawes and A&B, and in fact, as the trial judge points out, did not even exist at the time of the agreement, the only legal basis for claiming any liability against Whitco is that it is merely the instrument through which Dawes engaged in his allegedly prohibited acts. A&B will bear the burden of proof at trial. Our de novo review of the record reveals the trial court properly granted Whitco's motion for summary judgment as it is clear that A&B failed to allege any facts in its petition and failed to produce any facts which would enable it to meet its burden to prove that Whitco is merely the "alter ego" of Dawes used solely to circumvent his employment agreement with A&B. As the Louisiana Supreme Court stated in *Glazer v. Comm'n On Ethics For Pub. Employees*, 431 So.2d 752, 757 (La.1983):

> It is not unusual for a court in this country to disregard the corporate entity, or in synonymous terms 'pierce the corporate veil', when

corporate form has been used to 'defeat public convenience, justify wrong, protect fraud, or defend crime.'

Nevertheless, Plaintiffs must state a factual basis in their petition upon which such a finding may be made and must put forth evidence at the hearing on the motion for summary judgment to survive dismissal. Plaintiffs fail to do either.

### *Exception of Res Judicata*

The trial court properly denied the exception of res judicata.

> The res judicata statute, La.R.S. 13:4231 provides:
>
> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
>
> (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
>
> (2) If the judgment is in favor of the defendant, all causes of action existing as the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
>
> (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
>
> Pursuant to this statute, then, a second action is precluded when *all of the following criteria are satisfied*: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation. *Burguieres v. Pollingue*, 02-1385, p.8 (La.2/25/03), 843 So.2d 1049, 1053.

*Wooley v. State Farm Fire and Cas. Ins. Co.*, 04-882, p.35-36 (La. 1/19/05), 893 So.2d 746, 770-771. (emphasis added)

Our comparison of the petitions filed in the two suits at issue reveals the parties are not the same and the causes of action do not wholly arise out of the same transaction or occurrence. The first suit filed, which is the suit before us, clearly deals with allegations that Dawes has breached a non-compete agreement and thereby damaged A&B. This includes allegations that he violated the non-compete agreement by getting numerous employees of A&B to work for Whitco. The second suit, filed in Terrebonne Parish, now dismissed with prejudice by virtue of a settlement agreement, was based upon allegations of corporate espionage, theft of proprietary information, tortious interference with contracts, breach of contract by a completely different party, i.e. Naquin, conspiracy to commit various acts of corporate espionage, disruption of business, and allegations that Dawes coaxed employees of A&B to work for Whitco. The second suit did not involve nor include allegations that Dawes breached a non-compete agreement or that Whitco is merely Dawes' vehicle to conduct his alleged prohibited activities. The second suit included several defendants who are not parties in the first suit and included causes of action against these defendants unrelated to the causes of action alleged against Dawes and Whitco in the first suit. Plaintiff's counsel in the Terrebonne Parish suit could have expressly reserved Plaintiff's right to proceed in the first suit, but failure to do so does not subject Plaintiff to a claim of res judicata.

### *Denial of Dawes' Motion for Partial Summary Judgment*

The trial court did not err in denying Dawes' motion for summary judgment which sought dismissal based on the assertion that the non-compete agreement is unenforceable as a matter of law and that there should at least be partial summary judgment on the basis of res judicata. As we discussed above, the exception of res judicata is not well founded. As to the assertion that the non-compete agreement is

10

unenforceable as a matter of law, we note that, despite six years of litigation, no determination has been made as to the extent to which Dawes is precluded from competition with A&B under the non-compete agreement. There remain genuine issues of fact in dispute making summary judgment inappropriate.

For reasons as stated, we affirm the trial court's granting of Whitco's motion for summary judgment. We also affirm the judgments denying Dawes' Motion For Partial Summary Judgment and denying Dawes' exception of res judicata. The case is remanded for further proceedings. Costs of the appeal are assessed against A&B, and costs of the writ are assessed against Dawes.

**AFFIRMED AND REMANDED.**