# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 11-509

DEBORAH JEAN WILLET GRAVLEE

VERSUS

MITCH GRAVLEE

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 96-3755
HONORABLE ANNE LENNAN SIMON, DISTRICT JUDGE

**********

## ULYSSES GENE THIBODEAUX
## CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and John D. Saunders, Judges.

**AFFIRMED.**

David L. Carriere
Law Office of David L. Carriere
322 S. Market Street
Opelousas, LA 70570
Telephone: (337) 948-6217
COUNDSEL FOR:
    Plaintiff/Respondent - Deborah Jean Willet Gravlee

Byron P. Guillory
503 W. University Avenue
Lafayette, LA 70506
Telephone: (337) 233-3070
COUNSEL FOR:
    Defendant/Applicant - Mitch Gravlee (Deceased), Randall L. Guidry, Executor

**THIBODEAUX, Chief Judge.**

This is a community property partition suit. The wife, Deborah Jean Willett Gravlee, filed for a divorce and partition of community property in 1996. In 2005, the husband, Mitch Gravlee, died. In 2011, Randall L. Guidry, the executor of the husband's succession filed, without becoming a party to the suit, a motion to dismiss the wife's partition action on abandonment grounds. The trial court denied the motion. For the following reasons, we affirm.

I.

**ISSUE**

We shall consider whether activities of the persons involved in this partition of the community property case preclude the application of abandonment statute where the wife filed for the partition in 1996, made the last submission to the court in 2004, the husband died in 2005, and the executor of the husband's estate, throughout the years, issued checks to the wife to settle her claims to various community assets.

II.

**FACTS**

Deborah filed for a divorce and partition of community property in 1996. In 1997, Mitch and Deborah were divorced. In 2001, Deborah filed a descriptive list of community assets and liabilities. In 2004, Deborah sent a letter with the proposed judgment to the trial court. The trial court scratched through the proposed judgment and set the matter for a hearing that, apparently, was never held. Mitch died in 2005, and the executor of his succession was never substituted as a party to this litigation. In 2006, Deborah filed a proof of claim in the succession proceedings.

Most of the community property has been partitioned. Deborah submitted a list of all the payments she received from the executor in settlement of her claims. The executor did not dispute the list which included the receipts of money from: the insurance company for the fire damage on the family home in 2006; the cash sale of the family home in 2006; the sale of Crowley property in 2009; the sale of St. Martinville property in 2010; and, the sale of Eunice and Jeanerette properties in 2011.

The only major asset remaining in dispute is $1.4 million plus interest in a jointly-controlled bank account. This money came from a sale of several Sonic operating companies. These companies were sold to a third party, and, in the settlement documents, Deborah retained the right to assert her claim to an ownership interest in the companies. The executor also retained his right to dispute Deborah's claim because, according to the executor, the companies were Mitch's separate property and never became part of the community.

In 2011, the executor filed, without becoming a party to this suit,[1] a motion to dismiss on abandonment grounds. The trial court denied the motion, and the executor applied for a supervisory writ of review to this court. We now consider the matter.

### III.

### **STANDARD OF REVIEW**

Whether a party has taken a step in the prosecution of a case is a question of fact, subject to a manifest error standard of review. *Gueldner v. Allstate Ins. Co.,* 09-720 (La.App. 3 Cir. 2/10/10), 30 So.3d 1143 (citing *Hutchison v. Seariver Mar., Inc.,* 09-410 (La.App. 1 Cir. 9/11/09), 22 So.3d 989, *writ denied,* 09-2216 (La.

---

[1]Under La.Code Civ.P. art. 561 either a party or "an interested person" can bring the motion.

2

12/18/09), 23 So.3d 946).  On the other hand, whether the act precludes abandonment is a question of law that is reviewed de novo.  *Id.*

IV.

## LAW AND DISCUSSION

The parties focus on two issues:  (1) whether La.Code Civ.P. art. 561 that pertains to abandonment of actions applies in cases of property partitioning, an imprescriptible cause of action; and, (2) whether Mitch or the executor waived abandonment by taking steps to defend the action.  Neither of these issues needs to be decided to resolve this case.  Instead, regardless of whether or not La.Code Civ.P. art. 561 applies in partition cases, the question this court shall address is whether the persons involved in this litigation took enough steps to preclude abandonment.

Except for succession proceedings, an action "is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years."  La.Code Civ.P. art. 561(A)(1).  "Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action."  La.Code Civ.P. art. 561(B).  Louisiana Code of Civil Procedure Article 561 "is to be liberally construed in favor of maintaining a plaintiff's suit."  *Clark v. State Farm Mut. Auto. Ins. Co.*, 00-3010, p. 8 (La. 5/15/01), 785 So.2d 779, 785.

The purpose of La.Code Civ.P. art. 561 is to dismiss those cases in which a plaintiff's inaction "has clearly demonstrated his abandonment of the case."  *Id.* (quoting *Kanuk v. Pohlmann*, 338 So.2d 757, 758 (La.App. 4th Cir. 1976), *writ denied*, 341 So.2d 420 (La.1977)).  A case where a plaintiff plainly demonstrated "that he does not intend to abandon the action" should not be dismissed.  *Id.* at 786.

3

"In sum, abandonment is not meant to dismiss actions on mere technicalities, but to dismiss actions which in fact clearly have been abandoned." *Id.* Thus, where there is a question regarding abandonment, courts stress substance over form. *Id.*

Under La.Code Civ.P. art. 561, three years of litigation inactivity result in an *inconclusive* presumption of abandonment. *Clark*, 785 So.2d 779. All reasonable doubts regarding abandonment are "resolved in favor of allowing the prosecution of the claim and against dismissal." *Id.* at 787 (quoting *Young v. Laborde*, 576 So.2d 551, 552 (La.App. 4 Cir. 1991)). Furthermore, because abandonment balances two competing policy considerations—the concern about litigants having their day in court and a concern over indefinitely-lingering actions— "'Louisiana's jurisprudence tends to be inconsistent; *no bright lines exist.*'" *Id.* (citation omitted).

Usually, a "step" toward prosecution means taking a formal action before the court or taking of a deposition, and this step must appear in the record. *Id.* Nevertheless, because the requirements of formality and appearance on the record are intended to ensure notice to the defendant, when it is the defendant who is taking the action, the purpose of these requirements is not present, and the evidence outside the record can be considered. *Id.* Furthermore, "[a]ny formal step taken by any person capable of so doing, would be sufficient to negate the inference that an action has been abandoned, and hence, to preclude dismissal . . . ." *Kambur v. Kambur*, 583 So.2d 1213, 1214 (La.App. 4 Cir. 1991) (citing *Am. Eagle, Inc. v. Employers' Liab. Assurance Corp., Ltd.*, 389 So.2d 1339 (La.App. 1 Cir. 1980), *writs denied*, 396 So.2d 885, 886 (La.1981)).

The step in the prosecution does not have to be made in the same action. *Id.* For example, a step in a partition of community property action, an "action separate and distinct from any separation/divorce action" was held to be a step in the

4

prosecution of the divorce action because it "was inextricably bound up by law with the underlying separation/divorce actions." *Id.* at 1214 (emphasis omitted).

Neither does the step in the prosecution must be made by a party in the lawsuit. *See Am. Eagle, Inc.*, 389 So.2d 1339. For example, a post-trial conference called by the judge was sufficient to interrupt the accrual of abandonment. *Id.* This was because the advantage of this step "inured to the benefit of all of the parties." *Id.* at 1342.

Generally, in cases where there are no formal steps on the record, informal settlement negotiations are insufficient to constitute a step in the prosecution. *Clark*, 785 So.2d 779 (citation omitted). On the other hand, an unconditional tender of money is an acknowledgment—an admission of liability—that interrupts the accrual of abandonment because it "lulls the creditor into believing that he [the debtor] will not contest liability." *Id.* at 792 (quoting *Lima v. Schmidt*, 595 So.2d 624, 634 (La.19920)).

In this case, throughout the years Deborah received a number of checks from the executor. Most of this money came from the sale of various community assets. Generally, sales of succession property require court authorization or approval. *See* La.Code Civ.P. arts. 3271 & 3281. Because we do not have the record before us, it is unclear whether the executor obtained court authorizations or approvals to sell the property. Nevertheless, based on La.Code Civ.P. arts. 3271 & 3281, we presume that he did. Thus, formal steps related to this litigation have been taken.

Certainly, these steps were not taken in this partition action. Nevertheless, the sale of community assets and issuance of money to Deborah for her share of them, in the words of the *Kambur* court, were "inextricably bound up by law

5

with the" partition action so as to constitute a step that hastens the resolution of the partition action. 583 So.2d at 1214.

Possibly, issuance of a check to settle a claim is different from an unconditional tender and may be regarded as an informal settlement negotiation. Nevertheless, the money in this case came from the sale of properties for which a court authorization was required. These court authorizations took the transactions out of the realm of informal settlement negotiations and made them formal steps in litigation.

As the first circuit observed, the steps in prosecution or defense of the case need not be made by the party. *See Am. Eagle, Inc.*, 389 So.2d 1339. Thus, even though the executor was not named as a defendant in this partition action, the benefits of his steps, described above, inured to all of the parties.[2] Once Deborah formerly substitutes the executor as the defendant in this action, the executor will in no way be prejudiced by the substitution. This is because the executor has been actively and intricately involved in the settlement of Deborah's claims all along.

This court is certain that this decision effectively reflects the overarching policies of La.Code Civ.P. art. 561: the liberal construction in favor of maintaining a plaintiff's suit; the resolution of all reasonable doubts regarding abandonment in favor of allowing the prosecution of the claim and against dismissal; and, where there is a question regarding abandonment, placement of emphasis on the substance over form. On the balance, this court does not find that Deborah, in fact, has clearly abandoned this partition action.

_____

[2]While a judgment against a deceased person is an absolute nullity, the judgment appealed to this court was not against Mitch but against the executor. *See Succession of Lefort*, 09-303 (La.App. 3 Cir. 12/16/09), 27 So.3d 1021.

V.

## **CONCLUSION**

The trial court's judgment denying Randall L. Guidry's motion to dismiss on the ground of abandonment is affirmed.  Costs are assessed against Randal L. Guidry.

**AFFIRMED.**