## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 14-994


A & B BOLT & SUPPLY, INC.

VERSUS

WHITCO SUPPLY, L.L.C., ET AL.


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20033999
HONORABLE KRISTIAN DENNIS EARLES, DISTRICT JUDGE

**********

## SHANNON J. GREMILLION
## JUDGE

**********

Court composed of Sylvia R. Cooks, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.


**REVERSED.**

**Timothy W. Basden**
**Alan K. Breaud**
**Breaud & Meyers**
**600 Jefferson Street, Suite 1101**
**Lafayette, LA 70502**
**(337) 266-2200**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **A & B Bolt & Supply, Inc.**

**Gerald C. deLaunay**
**Perrin, Landry, deLauney, Dartez & Ouellet**
**Post Office Box 53597**
**Lafayette, LA 70505**
**(337) 237-8500**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **David S. Dawes**

**GREMILLION, Judge.**

The plaintiff, A & B Bolt & Supply, Inc., appeals the trial court's judgment dismissing its lawsuit as abandoned. For the following reasons, we reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

This lawsuit involves the enforcement of a non-compete agreement entered into in 2001 by David S. Dawes, a former employee of A & B Bolt, who left and created a competitive company, Whitco. A & B Bolt filed a petition for temporary restraining order, preliminary and permanent injunctions, and damages against Dawes and Whitco. Extensive litigation occurred over the next ten years, with four appeals to this court and the same number of writs filed with the supreme court, with the most recent writ denial by the supreme court occurring on January 7, 2011. *See A & B Bolt & Supply, Inc. v. Dawes*, 10-492 (La.App. 3 Cir. 10/13/10), 49 So.3d 964, *writ denied*, 10-2563 (La. 1/7/11), 52 So.3d 588. The substance of that appeal was the affirmation of the trial court's December 14, 2009 judgment in favor of Whitco dismissing it from the suit. The motion for summary judgment in favor of Dawes was denied.

On July 27, 2012, Whitco filed a motion to fix and tax costs.[1] On September 18, 2012, A & B Bolt filed a memorandum in opposition. On that same day, Whitco filed a reply memorandum into the record. Following a September 24, 2012 hearing, the trial court denied the motion, ordering that the determination of court costs would be handled at the conclusion of the case between A & B Bolt and Dawes.

On February 6, 2014, Dawes filed an ex parte motion to dismiss for abandonment. The trial court signed the order ex parte on February 10, 2014, and

---

[1] Whitco and Dawes are represented by the same counsel.

dismissed the case against Dawes as abandoned. A & B Bolt was served with the order dismissing the case on March 31, 2014. That same day, A & B Bolt filed a motion to set aside ex parte order of abandonment. Following a hearing on the motion on May 19, 2014, the trial court denied the motion. Appellant timely appealed and now argues that the trial court erred in dismissing its case as abandoned, as numerous actions constituted "steps" sufficient to interrupt abandonment under La.Code Civ.P. art. 561.

## DISCUSSION

Louisiana Code of Civil Procedure Article 561(A)(1) states in part:

> An action . . . is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years[.]

A plaintiff must meet three requirements in order to avoid abandonment of its claim:

> First, plaintiffs must take some "step" towards prosecution of their lawsuit. In this context, a "step" is defined as taking formal action before the court which is intended to hasten the suit toward judgment, or the taking of a deposition with or without formal notice. Second, the step must be taken in the proceedings and, with the exception of formal discovery, must appear in the record of the suit. Third, the step must be taken within the legislatively prescribed time period of the last step taken by *either party*; sufficient action by either plaintiff or defendant will be deemed a step.

*Clark v. State Farm Mutual Automobile Ins. Co.*, 00-310 (La. 5/15/01), 785 So.2d 779, 784 (footnotes omitted). Louisiana Code of Civil Procedure Article 561 is to be "liberally construed in favor of maintaining a plaintiff's suit." *Id.* at 785. Nor should suits be dismissed on technicalities; form should not be allowed to prevail over substance. *Id.* "The article was not intended, however, to dismiss those cases in which a plaintiff has clearly demonstrated before the court during the prescribed period that he does not intend to abandon the action." *Id.* at 785-786

2

(quoting *Kanuk v. Pohlmann*, 338 So.2d 757, 758 (La.App. 4 Cir. 1976), *writ denied*, 341 So.2d 420 (La. 1977) (footnote omitted).

Appellant argues that the followings actions were steps in the case sufficient to interrupt abandonment:

> The filing into the court record and service of a contested Motion to Fix and Tax Costs by a Defendant; the filing into the court record and service of a Memorandum in Support of the Motion to Fix and Tax Costs; the filing into the record and service by the Plaintiff of a Memorandum in Opposition to the Motion; the execution, filing and service of an Order by the Court setting a hearing; the convening of a Hearing in open court; the appearance of counsel for Plaintiff and all Defendants at the hearing; the introduction of evidence into the court record at the hearing; and a ruling of the court in favor of the Plaintiff, A & B Bolt.

Appellant argues that any step in the prosecution or defense of the case by any party interrupts abandonment as to all parties. At the hearing, Dawes argued that a motion to fix and tax costs cannot be considered a step because it was filed by Whitco, who was dismissed from this litigation in October 2010. *A & B Bolt & Supply, Inc. v. Dawes*, 49 So.3d 964. Dawes further argued that a non-party's seeking of costs does not constitute a step sufficient to interrupt abandonment. A & B Bolt argues that Whitco's motion was substantive and constituted a step. In this instance, we agree.

A & B Bolt argues that *Clark* stands for the proposition that "if any step is taken by any party in connection with any claim within the overall action, abandonment is interrupted as to all claims and all parties." We agree. In *Gravlee v. Gravlee*, 11-509, pp.4-5 (La.App. 3 Cir. 12/7/11), 79 So.3d 1169, 1173, we stated:

> Usually, a "step" toward prosecution means taking a formal action before the court or taking of a deposition, and this step must appear in the record. *Id.* Nevertheless, because the requirements of formality and appearance on the record are intended to ensure notice

to the defendant, when it is the defendant who is taking the action, the purpose of these requirements is not present, and the evidence outside the record can be considered. *Id.* Furthermore, "[a]ny formal step taken by any person capable of so doing, would be sufficient to negate the inference than an action has been abandoned, and hence, to preclude dismissal. . . ." *Kambur v. Kambur*, 583 So.2d 1213, 1214 (La.App. 4 Cir. 1991) (citing *Am. Eagle, Inc. v. Employers' Liab. Assurance Corp., Ltd.*, 389 So.2d 1339 (LaApp. 1 Cir. 1980), *writs denied*, 396 So.2d 885, 886 (La.1981)).

The step in the prosecution does not have to be made in the same action. *Id.* For example, a step in a partition of community property action, an "action separate and distinct from any separation/divorce action" was held to be a step in the prosecution of the divorce action because it was "inextricably bound up by law with the underlying separation/divorce actions." *Id.* at 1214 (emphasis omitted).

Neither [must] the step in the prosecution [] be made by a party in the lawsuit. *See Am. Eagle*, *Inc.*, 389 So.2d 1339. For example, a post-trial conference called by the judge was sufficient to interrupt the accrual of abandonment. *Id.* This was because the advantage of this step "inured to the benefit of all the parties." *Id.* at 1342.

A & B Bolt was well aware of the lengthy litigation in this case. A & B Bolt took significant actions in the trial court, on the record, leaving no doubts that the matter was indeed ongoing and had not been abandoned. A formal hearing was held in September 2012. Moreover, the resolution of the costs to be assessed between the parties is so "inextricably bound" with the other issues ongoing among the litigants that the trial court delayed it until the conclusion of the litigation between the remaining parties. Allowing the dismissal of Dawes from the lawsuit for abandonment is indeed prohibited as a mere formality or technicality. Accordingly, we find the trial court improperly granted Dawes' ex parte motion to dismiss for abandonment.

## CONCLUSION

The judgment of the trial court finding that appellants claim against David S. Dawes was abandoned is reversed. All costs of this appeal are assessed against the plaintiff-appellee, David S. Dawes.

**REVERSED**.