AMERICAN HOME BUILDING CO. v. SLATE

(July 4, 1928.  Opinion and Decree.)
(July 7, 1928.  Rehearing Refused.)

Harry McEnerny, Jr., of New Orleans, attorney for plaintiff, appellee.

Ernest J. Robin, of New Orleans, attorney for defendant, appellant.

OPINION

WESTERFIELD, J.  This is a suit by a partnership composed of Salvadore Palmisano and Arnold K. Peppers for $745.00 claimed to be due as a brokerage fee.

From an adverse judgment defendant appeals.

The defense as urged in the trial court was in effect a general denial.  In this court, in argument and in brief, a number of defenses involving plaintiff's capacity to sue, because of the alleged failure of plaintiff to comply with the legal requisites for the formation of a partnership are most insistently presented.  Insofar as the questions raised for the first time in this court are concerned, we must decline to consider them because not presented below.  Reisz vs. Kansas City Southern Railroad Co., 148 La. 932, 88 So. 120; Koepping vs. Monteleone, 143 La. 353, 78 So. 590; Gordon vs. Business Men's Racing Assn., 140 La. 674, 73 So. 768; Slocomb vs. Williams, 23 La. Ann. 245.

The plaintiff partnership, according to one of the partners, Palmisano, who appears to have handled the transaction, is engaged in the business of soliciting building contracts, a rather unusual occupation. Slate, the defendant, is a building contractor.  Palmisano, acting for an undisclosed

principal, obtained a bid from Slate for the erection of a house, according to certain plans and specifications which were submitted. Slate quoted Palmisano a price of $5005.00. Palmisano induced his principal to sign a contract with Slate for the erection of the house and agreed to pay $5750.00 and contends the difference of $745.00 represents the commission due his firm.

In this contract both Palmisano and his partner, Peppers, join with the owner of the property, a negro by the name of William Earl White. Palmisano explains this singular action upon the ground that he desired to protect his commission, but it is of no moment what induced him and his partner to assume, jointly with White, the obligations of the contract.

It is not disputed that defendant originally agreed to erect the house for $745.00 less than the amount mentioned in the contract, and, it is admitted, that there was no change in the plans and specifications. It is also admitted that Slate received the full contract price. His explanation, if such it may be called, of his retention of the $745.00 is difficult to understand and more difficult to believe. It is based upon the alleged discovery that the lot upon which the house was to be erected was not entirely paid for and the additional sum he claims was added on that account. He had never seen White before he signed the contract and dealt exclusively with Palmisano, yet he claims to have been influenced by White's failure to entirely pay for the lot.

We, like the trial judge, are of opinion that the case is with plaintiff and consequently the judgment appealed from will be affirmed.