PAINTER, J.,
dissenting.
1 tThe sole issue on which I disagree with the majority is with regard to the calculation of SEB.
*894 After reviewing the record, it appears that the WCJ correctly summarized the medical evidence. Accordingly, I agree with the WCJ that Carmouche proved that he could not do the job found for him due to substantial pain.
While pain may prevent a claimant from maintaining any gainful employment and thus entitle him or her to temporary total disability benefits, neither the medical evidence nor Carmouche’s testimony established that Carmouche is unable to do any work. A claimant seeking TTD must not only establish a work related disability, but also establish by clear and convincing evidence, unaided by any presumption of disability that he is physically unable to engage in any employment. La. R.S. 23:1221(l)(c). Therefore, I agree with the majority that the WCJ erred in finding that Carmouche is entitled to TTD and that Kraft was entitled to change its payment to the payment of supplemental earnings benefits under La.R.S. 23:1221(3). However, the evidence of record is insufficient to establish that Kraft’s SEB payments were made in the correct amount. The burden was on Kraft to establish Car-mouche’s earning capacity, by proving by a preponderance of the evidence, that he was physically able to perform a certain job, and that the job was offered to the employee in his or the employer’s community or reasonable geographic region. Connor v. Family Dollar Store, 09-1537 (La.App. 1 Cir. 3/26/10), 36 So.3d 339.
li>The only job found for Carmouche was one which he showed that he could not perform due to pain and anxiety. Car-mouche worked for fourteen or fifteen years as a mechanic and at least 10 years as a truck driver, never dealing with antagonistic people or complaints on the phone. The stress level of a job for which he had no background was too great. The evidence supports the conclusion that pain and medication aggravated his stress to the point that he was physically incapable of doing the job.
Where the majority has missed the mark is in its failure to understand that Carmouche is not 'physically capable of doing the job found for him because of the combined pain, medication, and stress. Therefore, Kraft failed to prove Car-mouche’s earning capacity by a preponderance of the evidence because they did not find him a job that he was physically able to do.
Accordingly, the SEB paid to Car-mouche was incorrect in amount, and based on the record before this court, SEB should be calculated on a zero earned wages until Kraft can find an appropriate job for Carmouche.
As a result, I respectfully dissent from the majority herein.