GAIDRY, J.
laThis is an appeal of a judgment rendered by the Twenty-Second Judicial District Court, Parish of St. Tammany, to award attorney fees to the plaintiff, Susan Sperandeo, Appellee, in a permanent interdiction proceeding, where her petition to permanently interdict her father, Ramon Sperandeo, Appellant, was dismissed after the trial court granted his motion for directed verdict in the bench trial on the merits of the interdiction. For the following reasons, we affirm in part and reverse in part.
FACTS AND PROCEDURAL HISTORY
Susan Sperandeo filed a petition for interdiction of her father, Mr. Sperandeo, on August 17, 2010, in which she alleged her father, who was eighty-two (82) years old at the time, was incapable of earing for his own needs and managing his own affairs due to mental infirmities.
A judgment of limited temporary interdiction was granted by the trial court on October 12, 2010, naming Mr. Sperandeo’s three children as curators.[1] The court also appointed a physician to examine Mr. Sperandeo prior to the hearing for permanent interdiction.[2]
*144 Counsel for Susan filed a motion for payment of attorney fees and costs on February 9, 2011, prior to judgment on the permanent interdiction, providing to the court itemized invoices of all costs and legal services related to the matter. Susan claimed the total amount due from the estate of|aMr. Sperandeo to be $13,506.44.[3] Mr. Sperandeo objected to the motion, claiming he would prove at the hearing for permanent interdiction that he was of sound mind and would not be interdicted. The court would not rule on this motion until after the permanent interdiction was decided.
After the hearing on the permanent interdiction, oral judgment was entered by the court on April 20, 2011, dismissing Susan’s petition for permanent interdiction, after granting a directed verdict in Mr. Sperandeo’s favor.[4] The court’s reasons for judgment were based on its own observations of Mr. Sperandeo, comparing him to his demeanor at the hearing for temporary interdiction, at which time he was still suffering from a significant cerebral event, and the lack of medical evidence to support Susan’s claim that Mr. Sperandeo was incapable of caring for himself or his personal affairs. The court noted:
Mr. Sperandeo testified at that hearing [for temporary interdiction] and I was able to observe him. He testified again today in April of 2011, help me with the math, some seven months later and, quite frankly, I was impressed with Mr. Sperandeo’s presentation. I thought that for someone who is 82 years old, obviously advancing in age as we all are, that he showed a pretty remarkable grasp of the facts.
I felt that he presented himself with much more lucid thoughts, much more animated in his testimony and presentation than what he was back in September of last year. So, just based on his presentation, it appears to me that he has improved from where he was back in September of 2010.
The court further noted:
But I have to go back to what this case here today is about. And it is about Mr. Sperandeo, his present capacities and abilities. When I look at that and I review the evidence, |4there is no medical evidence ... to support a finding of a mental infirmity on the part of Mr. Sperandeo.[5]
On August 17, 2011, judgment was rendered by the court as to payment of attorney fees and costs:
*145 ... I am awarding the attorney’s fees and costs that were incurred from August the 9th of 2010 through October 18th of 2010. I can tell you that, October 13th of 2010, is when I issued reasons for judgment and a judgment granting the preliminary interdiction.
All right. For those charges and fees that were incurred thereafter, it was either for unsuccessful attempts to modify that ruling or it was efforts directed towards the final interdiction hearing that was not favorable to Ms. Susan Sperandeo, and I don’t feel I can award attorney’s fees for those efforts directed toward that final interdiction hearing.
The court ordered Mr. Sperandeo to pay to Georgia Turgeau, Susan’s counsel, $5,970.00 in attorney fees and $1,890.64 in costs, totaling $7,860.64. Mr. Sperandeo filed the instant appeal on September 21, 2011, objecting to the award of attorney fees and costs.
ASSIGNMENT OF ERROR
The trial court allegedly erred in awarding Susan[6] attorney fees and costs incurred through the judgment of limited preliminary interdiction, in contradiction to jurisprudence and La.C.C.P. art. 4550, in this matter wherein the petition for interdiction was dismissed on the merits.
STANDARD OF REVIEW
At the center of this appeal is whether the trial court properly followed La.C.C.P. art. 4550, which governs the award of attorney fees and costs in interdiction. We are therefore determining if the trial court committed legal error prejudicial to the Appellant, requiring us to perform an independent de |Bnovo review of the record. See Fornerette v. Ward, 2010-1219, p. 4 (La.App. 4th Cir.5/11/11), 66 So.3d 516, 520, writ denied 2011-1210 (La.9/23/11), 69 So.3d 1159. See also State ex rel. K.S., 2007-1045, p. 8 (La.App. 1st Cir.11/2/07), 977 So.2d 35, 40.
DISCUSSION
Louisiana Code of Civil Procedure Article 4550 states:
Art. 4550. Costs and attorney fees
The court may render judgment for costs and attorney fees, or any part thereof, against any party, as the court may consider fair. However, no attorney fees shall be awarded to a petitioner when judgment is granted against the petitioner or the petition is dismissed on the merits.
It appears at first blush that the trial court only followed the first sentence of art. 4550; however, the court acknowledges that while Susan won the hearing for temporary interdiction, she lost the hearing on the merits for permanent interdiction of her father. It is clear from the court’s own words that it tried to award Susan only for what she won. The court awarded attorney fees and costs to her with respect to the temporary interdiction as indicated by the dates August 9th through October 13th, 2010 given by the court. The court attempted to apply art. 4550 in a piecemeal fashion to the temporary interdiction hearing and the permanent interdiction hearing.
Comment (c) to Article 4550 prevents piecemeal application by stating the article “applies to all proceedings relating to interdiction.” The second sentence of Arti- *146 ele 4550 therefore means that when a petition for interdiction is dismissed on the merits, as in this case, the petitioner shall be awarded no attorney fees whatsoever. We note that the second sentence mentions only attorney fees and not costs. While the court in the instant Lease was free to allocate court costs as it deemed fair, it was unable to do the same with attorney fees.
Susan cites as support for her position In the Matter of Heard, 588 So.2d 799 (La.App. 2nd Cir.1991), where the trial court’s awarding costs and attorney fees to a petitioner who won a hearing for limited interdiction was affirmed. HEARD is distinguishable from the instant case, however, in that the proceeding in HEARD was a modification from a permanent interdiction to a limited one, and that the court may assess costs and attorney fees as it deems equitable. See also Interdiction of F.T.E., 622 So.2d 667, 675 (La.App. 2nd Cir.1993). In other words, only one hearing was necessary, and the petition was not dismissed on the merits. The instant case had two hearings, the first being a temporary limited interdiction of Mr. Sperandeo, which was granted, but then dismissed entirely on the merits in the hearing for permanent interdiction. So while the petitioner in HEARD “won” her case, Susan “lost” hers. The second sentence in art. 4550 therefore never came into play in HEARD, making it a different circumstance from what we find with the Sperandeos.
The policy set forth in comment (c) to art. 4550 is not unique. In the U.S. Supreme Court case Sole v. Wyner, 551 U.S. 74, 86, 127 S.Ct. 2188, 2196, 167 L.Ed.2d 1069 (2007), the Court makes apt use of the familiar phrase “winning the battle, but losing the war” in holding that a prevailing party status does not attend achievement of a preliminary injunction that is reversed, dissolved, or otherwise undone by the final decision in the same case. As proceedings to seek an injunction are similar to those for seeking an interdiction, in that a preliminary or temporary remedy may be granted pending resolution of the permanent remedy requested, we adopt the rationale of Sole to this case. The temporary, preliminary victory of the 17petitioner is of no moment when the ultimate object of the petition is lost. “A plaintiff who ‘secur[es] a preliminary injunction, then loses on the merits as the case plays out and judgment is entered against [her],’ has ‘[won] a battle but los[t] the war.’ ” Id. This same rationale can be found in Article 4550, along with its comment (c).
CONCLUSION
When the trial court awarded attorney fees to Susan to be paid by her father Mr. Sperandeo in connection with the temporary interdiction, the court did so in contravention to La.C.C.P. art. 4550 and committed legal error. The $5,970.00 in attorney fees the court ordered Mr. Sper-andeo to pay to his daughter should not have been paid by him, since he ultimately prevailed in the interdiction hearing, and those fees are to be borne by his daughter Susan. The second sentence of Article 4550 does not set a restriction on the awarding of court costs, so the court’s order with respect to the award of $1,890.64 in costs against Mr. Sperandeo shall stand.
DECREE
The judgment of the 22nd JDC with respect to the awarding of attorney fees of $5,970.00 in favor of Susan Sperandeo is *147 reversed and vacated. With respect to court costs awarded in favor of Susan Sperandeo in the amount of $1,890.64, the judgment is affirmed.
AFFIRMED IN PART, REVERSED IN PART.
CARTER, C.J., concurs.
GUIDRY, J., concurs.

. Susan’s motion for temporary interdiction was originally denied because the motion was not accompanied by a physician's affidavit required by La.C.C.P. art. 4549(A)(2)(b). The court set another hearing date for September 30, 2010, and appointed an ad hoc attorney to represent Mr. Sperandeo. The hearing was accordingly held on that date, and the court reviewed a physician’s affidavit offered by Susan prior to rendering judgment.

. Mr. Sperandeo sought supervisory review of the trial court's appointment of Dr. Thomas A. Krefft, his customary treating physician. This court vacated the appointment on the basis of Dr. Krefft’s communications being *144 protected by the health care provider-patient privilege, pursuant to Louisiana Code of Evidence article 510 B(l). This court further ordered the trial court to appoint a medical expert who had never before treated Mr. Sperandeo, for the purpose of examining him prior to the final interdiction hearing. Interdiction of Ramon Sperandeo, 10-2215 (La. App. 1 Cir. 1/11/11) (unpublished writ action).

. In the proposed order, payment would be made from the estate of Ramon Sperandeo by then curator Bob Jones.

. Mr. Sperandeo's counsel moved for a "directed verdict," which may be granted in a jury trial pursuant to Louisiana Code of Civil Procedure article 1810, rather than for an involuntary dismissal pursuant to Louisiana Code of Civil Procedure article 1672 B, which may be granted in a bench trial. The error was one of form rather than substance as the ultimate object of both motions is the same. Gillmer v. Parish Sterling Stuckey, 09-0901 (La.App. 1 Cir. 12/23/09), 30 So.3d 782, 785 n. 2.

.Ms. Georgia Turgeau, counsel for Susan, apparently took issue with the inability to obtain medical evidence related to Mr. Sper-andeo, presumably due to the supervisory writ protecting Mr. Sperandeo's privilege of doctor-patient confidentiality with Dr. Krefft. That issue, however, has not been made part of this appeal.

. According to the wording of the trial court’s judgment, attorney fees and costs were awarded to Ms. Georgia Turgeau, counsel for Susan; however, for simplicity and consistency, we will refer Susan as the recipient of the award, as the award would ultimately inure to her benefit.