ROBERT A. CHAISSON, Judge.
|aGreg Champagne, Sheriff of St. Charles Parish, et al, appeal a judgment in favor of Donald M. Ober, III, Lacie Ober, and them two minor children, in this motor vehicle accident case. For the following reasons, we affirm the JNOV rendered in favor of Donald M. Ober, III, but reinstate the jury verdicts as to Lacie Ober and the two minor children.

FACTS AND PROCEDURAL HISTORY

The facts of the accident need not be given in detail as liability was established by stipulation. It is sufficient only to point out that Mr. Ober’s stopped pick-up truck was rear-ended by a sheriffs cruiser involved in a high speed chase.
It was established at trial that Mr. Ober suffered a number of injuries traceable to the accident of May 4, 2010. Immediately after the accident he was taken to St. Charles Parish Hospital, where he complained of head, chest and back pain. He was then transported to Ochsner Medical Center with continuing back pain. On May 31, 2010, he saw Dr. Christopher Cenac, an orthopaedic surgeon, who diagnosed him with a herniated L4-5 disc and a SLAP tear.[1] An MRI performed a month later confirmed the disc herniation. Dr. Cenac originally recommended that he see Dr. Mitchell Brian, a chiropractor. After several treatments, Dr. Brian referred him to an orthopedist for surgical repair of the SLAP tear. He was subsequently seen by Dr. Brian Soulie for physical therapy. He was |4next referred to Dr. Michael Haydel, a pain specialist, who *257 treated him for back pain with epidural injections. Dr. Haydel noted back pain radiating into the hip and lower extremities. When the pain continued in spite of the injections, Dr. Haydel sent him back to Dr. Cenac.
Dr. Cenac performed a L4-5 microdis-cectomy, which provided some relief. However, the back pain continued and Dr. Cenac described this condition as chronic. It was Dr. Cenac’s further opinion that Mr. Ober would either learn to live with the pain or undergo a spinal fusion cage surgery. He also stated that even if this later surgery were to alleviate the pain, Mr. Ober would still not be able to return to work as a pipefitter or as a commercial fisherman.[2]
Mr. Ober returned to Dr. Haydel, who confirmed that scar tissue from the spinal surgery was impinging on the nerves and causing pain. His opinion was that Mr. Ober will never be symptom free, and will probably remain on a regimen of substantial pain medication, including hydroeo-done, for the foreseeable future. He also stated that Mr. Ober would never work as a pipefitter or fisherman again.
Dr. Neil Baum, a urologist, was called by the defense, and testified that although Mr. Ober did have erectile dysfunction, it was not caused by any physical problem, but was probably due to medications, high blood pressure, smoking, depression and pain disorder. He also testified that there was no evidence that the erectile dysfunction existed before the accident, but had only manifested itself afterwards.
Dr. Monroe Laborde, an orthopedic surgeon, was also called by the defense. Dr. Laborde was of the opinion that Mr. Ober’s disc problems were not related to the accident, but were simply the result of the aging process. He also thought that | ¡¡Mr. Ober’s pain was non-organic in nature and caused by depression, consulting an attorney and taking narcotics. He recommended that Mr. Ober undergo a work-hardening program and vocational rehabilitation. He further opined that any pains more than six months post-accident were psychological, rather than physical.
Mr. Ober was also examined by Dr. Kevin Bianchini, a clinical psychologist and neuropsychiatrist, who was of the opinion that after the accident, Mr. Ober became depressed and suffered from post-traumatic stress disorder (PTSD). Dr. James Sig-rist[3] a psychiatrist, also testified that Mr. Ober developed urinary hesitancy, anxiety disorder, major depressive disorder, and a general inability to enjoy life because of the injuries and resulting financial strain. While he thought that by the time of trial the depression was in remission, he still saw symptoms of PTSD. Trevor Bardar-son, a physical therapist who did a physical capacity evaluation, concluded that Mr. Ober could perhaps perform light duty work, but because of his ninth grade education and his work experience, he was essentially disabled from any work in pipe-fitting or commercial fishing. Mr. Bardar-son also suggested that a work-hardening program might be beneficial.
The defendants also established that Mr. Ober was involved in a second automobile accident on May 22, 2012, about two years after the one at issue here. Dr. Haydel was not told of this accident, but he observed that since Mr. Ober’s condition was the same before and after that second *258 accident, he did not see any evidence of a second injury. Dr. Cenac similarly saw no difference in an MRI done on' July 21, 2011, prior to the second accident, and a second MRI done on April 8, 2013, after that accident.
Mr. Ober testified that he is in pain fairly constantly, suffers from erectile dysfunction, which has negatively affected his marriage, and has been depressed, | ^anxious, and irritable, in part because of the pain and in part because of his inability to earn a living. Lacie Ober, his wife, corroborated this testimony and added that he yells at the children and is distant with both her and the children. She further testified that she has to assist her husband in routine things like bathing and putting on shoes and socks.
Based on the above evidence, the jury returned what were actually four verdicts: one each for Mr. Ober, Mrs. Ober, and the two minors, Braxton and Brandon. The trial judge determined that the verdict in Mr. Ober’s favor was inconsistent in that it awarded future medicals and future lost wages, but no future pain and suffering. She further found that the awards to Mrs. Ober and the two children for loss of consortium were abusively low. She therefore entered a JNOV in favor of all plaintiffs. The chart below shows the amounts fixed by the jury, and those fixed in the JNOV.

DONALD OBER, III

JURY JNOV

Past Medical Expenses $ 112,000 $ 112,000
Future Medical Expenses $130,000 $130,000
Past Wage Loss $ 32,000 $ 32,000
Future Wage Loss $115,000 $115,000
Past Physical Pain & Suffering $ 20,000 $110,000
Future Physical Pain & Suffering -0-$80,000
Past Mental Pain & Suffering $ 10,000 $25,000
Future Mental Pain & Suffering -0-$25,000
Physical Disability, Past, Present & Future $ 10,000 $50,000
Loss of Life’s Enjoyment $ 10,000 $50,000
TOTAL AWARD $439,000 $729,000

JjLACIE OBER

Loss of Consortium ; 25,000 $ 50,000

BRAXTON OBER (14 yrs. old)

Loss of Consortium $ 10,000 ; 25,000

BRANDON OBER (11 yrs. old)

Loss of Consortium $ 10,000 $25,000
As the chart shows, the amounts for special damages, ie., past and future medicals and past and future wage losses, are the same in the jury verdict and in the JNOV. All of the differences between the two judgments are found in the amounts for general damages. Additionally, the amounts shown in the jury verdict included a 15% reduction for all damages to Mr. Ober for his failure to mitigate his damages; the trial judge, in her JNOV, also applied the 15% reduction to all categories of damages except to Mr. Ober’s past medical expenses. This appeal by the defen *259 dants followed. The Obers neither appealed nor cross-appealed.

LAW AND ANALYSIS

Defendants raise three assignments of error. First, they urge that it was error for the trial judge to grant the JNOV; second, they assert that the damages awarded in the JNOV are excessive; and third, they contend that the trial judge improperly exempted the past medical expenses from the 15% reduction for failure to mitigate.
Appellate review of a JNOV of general damages issued pursuant to La. C.C.P. art. 1811 in a jury case is a two stage process. The appellate court must first determine whether the trial court was correct in concluding that the award of damages made by the jury was so far contrary to the evidence that reasonable men could not have arrived at such a verdict, and that the verdict was therefore an abuse of discretion. Langlinais v. Figueroa, 93-979 (La.App. 5 Cir. 3/29/94), 636 So.2d 983. The trial court, in considering a motion for a JNOV, uses the same approach |sas the appellate courts in its consideration of whether the jury verdict was an abuse of discretion. In Youn v. Maritime Overseas Corp., 623 So.2d 1257 (La.1993), cert. denied, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994), the court explained in detail the procedure involved in appellate review of general damage awards.
In Reck [v. Stevens, 373 So.2d 498 (La.1979)] this court disapproved of the appellate court’s simply reviewing the medical evidence and then concluding that the award for those injuries was excessive, without taking into consideration the particular effect of the particular injuries on the particular plaintiff. This court further disapproved of the use of a scale of prior awards in cases with generically similar medical injuries to determine whether the particular trier of fact abused its discretion in the' awards to the particular plaintiff under the facts and circumstances peculiar to the particular case. The initial inquiry is whether the award for the particular injuries and their effect under the particular circumstances on the particular injured person is a clear abuse of the “much discretion” of the trier of fact, [citations omitted] Only after such a determination of an abuse of discretion is a resort to prior awards appropriate and then for the purpose of determining the highest or lowest point which is reasonably within that discretion, [citations omitted]
The standard for appellate review of general damage awards is difficult1 to express and is necessarily non-specific, and the requirement of an articulated basis for disturbing such awards gives little guidance as to what articulation suffices to justify modification of a generous or stingy award. Nevertheless, the theme that emerges from Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963) through Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976), and through Reck to the present case is that the discretion vested in the trier of fact is “great,” and even vast, so that an appellate court should rarely disturb an award of general damages. Reasonable persons frequently disagree about the measure of general damages in a particular ease. It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award. Youn, 623 So.2d at 1260-61.
Only after determining that the jury verdict is an abuse of discretion using *260 the above considerations may the district court then enter a JNOV. Furthermore, when the trial court determines that the jury verdict is an abuse of discretion, it then considers the issue of general damages de novo, and is thus not constrained, as |9are the appellate courts, to adjusting the award to the highest or lowest amount reasonably within the discretion of the trier of fact as determined in part by reference to similar cases. Anderson v. New Orleans Public Service, 583 So.2d 829 (La.1991). The trial judge becomes, in effect, the trier of fact imbued with the wide discretion accorded to all triers of fact in fixing general damages. In consequence, when reviewing the amount fixed by the trial judge in the JNOV, the appellate court uses the same analysis as it would in any quantum challenge, which is the analysis set forth in Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976). Anderson, supra.
Another point to be made here concerns inconsistencies in damage awards. In Wainwright v. Fontenot, 00-492 (La.10/17/00), 774 So.2d 70, the court addressed a jury verdict in which medical expenses were awarded, but no general damages for pain and suffering, mental anguish and loss of enjoyment of life. The court noted that many appellate courts have treated this situation as an inconsistent verdict, which is erroneous as a matter of law. Id., at 75. The court explained that the proper analysis of this situation is that the appellate courts were simply recognizing that such judgments are more often than not inconsistent with the factual record, and therefore constitute an abuse of the fact finder’s discretion. Id. It went on to point out that there are occasions when an award of medical expenses, but no general damages, might be consistent with the record, such as when a tort victim seeks medical attention to ascertain whether or not he has been seriously injured.
On appeal, once it is determined that the jury verdict was properly set aside by the trial judge as being an abuse of discretion, and that the trial judge has fixed damages which she deems appropriate, the appellate court then moves to the second stage of review which is whether the award made by the trial judge is an 110abuse of discretion. At this stage, the appellate court uses the analysis quoted above from Youn.
The first question to be answered here is therefore whether the JNOV was properly granted as to Mr. Ober. The jury verdict declining to award any future general damages is clearly inconsistent with its award of $130,000 in future medical expenses and $115,000 in future lost wages. Because the evidence is such that no rational trier of fact could have declined to award future general damages after finding that very substantial expenses for future medical treatment would be incurred, and that future wages would be lost due to plaintiffs injuries, the entry of the JNOV by the trial judge was proper. Joseph v. Broussard Rice Mill, Inc., 00-628 (La.10/30/00), 772 So.2d 94.
Defendants argue to the contrary that general damage awards should not be parsed into individual components, but should rather be considered in light of the total award, citing Graham v. Offshore Specialty Fabricators, Inc., 09-117 (La.App. 1 Cir. 1/8/10), 37 So.3d 1002. Even were we to apply this rule, we would still uphold the granting of the JNOV. The jury awarded Mr. Ober only $50,000 in general damages for injuries involving surgery to his shoulder, surgery to his spine for a herniated disc, and a second fusion spinal procedure to be done in the future. Additionally, there is evidence to show that he suffered substantial back pain prior to surgery, and continues to have such pain, *261 which will probably continue even after the future surgery. This pain also limits his ability to engage in outdoor activities. Additionally, he suffers from a depressive disorder in part related to the accident, and from erectile dysfunction, which has affected his relations with his wife.
Defendants argue that the testimony of Drs. Laborde and Baum might well have been accepted by the jury as establishing that Mr. Ober’s pain was mostly | upsychological, and that the ruptured disc was the result of aging rather than the accident. While it can be argued that the jury might have reached such factual findings on the total record, their verdict belies this assertion. The jury made awards for the SLAP tear and ruptured disc surgeries, so they necessarily found these conditions causally related to the accident. Similarly, they made substantial awards for a future surgery as well as future lost wages, again showing that' these problems were attributable by them to the accident. Defendants have not shown that any of these factual determinations were manifestly erroneous, and in that circumstance we must accept them as informing the trial judge’s determination that the total general damage award of $50,000 was inconsistent with these jury findings, and that a JNOV was proper.
Having found that the JNOV was properly granted, the next question is whether the amounts awarded to Mr. Ober in the JNOV were an .abuse of discretion. On the particular facts of this case we are unable to articulate any reasons why the general damage award entered in the JNOV is abusively high, as argued by the defendants. Our discussion of the evidence as to the particular injuries and their effects on this particular plaintiff in his particular circumstances have adequately been set forth above and need not be repeated. Considering all of these factors, we are unable to articulate any reasons why the total general damage award of $340,000 is an abuse of discretion. That being so, we may not amend that award. Youn, supra.
The final issue involving the award to Mr. Ober is whether the trial judge was correct in exempting past medical expenses from the 15% reduction for Mr. Ober’s failure to mitigate his damages. The 15% figure appears to be based on testimony that Mr. Ober would profit from a work hardening program, but that he had not pursued this option. A reasonable view of the evidence shows that the 112SLAP tear injury and the ruptured disc both resulted from the accident. There was no evidence to establish that Mr. Ober did, or did not do, anything which could have changed the necessity for surgery for these two problems, or that the work hardening program was an option prior to these procedures. We find no manifest error in the trial judge’s conclusion that there should be no reduction for failure to mitigate damages in regard to the two surgical procedures.
In regard to the awards made by the jury to Mrs. Ober and the two children for loss of consortium, we return to the analysis set forth in Langlinais v. Figueroa, supra, which is whether there was a reasonable basis in the record to support these figures. If so, then the JNOV as to these awards was error.
The evidence as to the children was basically that Mr. Ober is at times irritable and yells at them, he does not participate in their lives as much as he did prior to the accident, and he does not take them fishing and hunting as he did before. The jury awarded each of the children $10,000 for these losses. While had we been sitting as triers of fact, we may have made higher awards, we are unable to articulate *262 why the jury awards are not a reasonable exercise of their much discretion on the facts of this case. The JNOV as to these awards was therefore error.
The evidence as to Mrs. Ober was that Mr. Ober suffers from erectile dysfunction, which at least for the time being has precluded marital relations. She also has to help him dress and put on his shoes, as well as help him with bathing. Their marriage has been strained because of both his physical problems and financial difficulties caused by his inability to work, and his depression and anxiety have also taken a toll on their marriage. On this evidence, the jury awarded her $25,000 for loss of consortium. As in the case of the children, had we been sitting as triers of fact, we might well have made a higher award. However, we are again |1sunable to articulate why this particular award is not a reasonable exercise of the jury’s much discretion on these facts. The JNOV as to this award was therefore error.
We are thus constrained to set aside the JNOVs and reinstate the three discrete jury awards of $25,000 to Mrs. Ober, and $10,000 to each of the two children for loss of consortium.

CONCLUSION

For the above reasons, the JNOV entered as to Donald Ober, III, is hereby affirmed. The JNOVs entered as to Lacie Ober, Braxton Ober, and Brandon Ober are hereby vacated. The jury verdicts of $25,000 to Lacie Ober, $10,000 to Braxton Ober, and $10,000 to Brandon Ober for loss of consortium are hereby reinstated.

AFFIRMED IN PART; REVERSED IN PART.

. SLAP stands for superior labium, anterior to posterior. The labrum is a cartilage which holds the ball of the arm bone in the socket of the shoulder.

. Mr. Ober worked episodically at various plants along the Mississippi River as a pipefit-ter during "turn arounds” when the plants were shut down for periodic maintenance. Between these jobs he worked as a commercial fisherman.

. Dr. Sigrist died prior to trial, and his deposition was read to the jury.