CRAIN, J.
|?In this personal injury.suit, the plaintiff appeals contending that the jury’s general damage award is inadequate. We affirm.
FACTS
On January 23, 2012, the plaintiff, Arthur Mitchell, was a pássenger on a public bus owned and operated by the Terre-bonne Parish Consolidated Government. The bus was travelling north on Lafayette Street in Houma, behind a vehicle driven by Jacob Simmons. The Simmons vehicle crossed the center line of the two-lane street, then suddenly turned to the right to enter an adjacent parking lot, crossing in front of the bus. The bus driver braked and avoided a collision between the bus and the Simmons vehicle.
Mitchell instituted the instant suit for damages, claiming that the sudden stop of the bus caused him to be thrown forward into a large change box located behind the bus driver’s seat. He further claimed that the impact with the change box caused severe injuries to his neck, back, body, and mind. Mitchell’s claims against Simmons and Simmons’ insurer were tried to a jury, while Mitchell’s claims against the bus driver and the Terrebonne Parish Consoli *120 dated Government were simultaneously-tried to the trial court. Both the jury and trial court found that Simmons was solely at fault in causing the incident. The jury awarded Mitchell past medical expenses in the amount of $13,718.00, future medical expenses in the amount of $1,000.00, and general damages in the amount of $1,000.00 for past pain and suffering, with no recovery for future pain and suffering or loss of enjoyment of life. Mitchell now appeals, contending the general damage award by the jury is inadequate.
DISCUSSION
Mitchell argues that it is “plain and simple” that the jury abused its discretion when it failed to award any meaningful amount for general damages | ¡¡despite awarding all of the special damages incurred by him. Mitchell argues that this state’s jurisprudence clearly establishes that where a jury awards medical bills for injuries that certainly were accompanied by pain and discomfort, it is error for the jury not to award compensation for that pain.
A person injured through the fault of another is entitled to full indemnification for his resulting damages. La. Civ.Code art. 2315; Wainwright v. Fontenot, 00-0492 (La.10/17/00), 774 So.2d 70, 74. It is the plaintiffs burden to prove, by a preponderance of the evidence, the damages he suffered as a result of the defendant’s fault. Wainwright, 774 So.2d at 77. A jury is afforded great discretion in assessing the appropriate amount of damages to adequately compensate a plaintiff. See La. Civ.Code art. 2324.1; Guillory v. Lee, 09-0075 (La.6/26/09), 16 So.3d 1104, 1116.
General damages are intended to compensate an injured plaintiff for mental or physical pain and suffering, inconvenience, loss of gratification or intellectual or physical enjoyment, or other losses of lifestyle. See Thongsavanh v. Schexnayder, 09-1462 (La.App. 1 Cir. 5/7/10), 40 So.3d 989, 1001, writ denied, 10-1295 (La.9/24/10), 45 So.3d 1074. They are inherently speculative in nature and cannot be fixed with mathematical certainty. Miller v. LAMMICO, 07-1352 (La.1/16/08), 973 So.2d 693, 711. Since the jury is in the best position to evaluate -witness credibility and see the evidence firsthand, it is afforded much discretion in independently assessing the facts and rendering an award. Id.
On appeal, the role of the appellate court is to review the exercise of discretion by the jury, not to decide what it considers to be an appropriate award. Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1260 (La.1993), cert. denied, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994). It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the ^particular circumstances that the appellate court should increase or reduce the award. Youn, 623 So.2d at 1261. Only after it is determined that there has been an abuse of discretion is a resort to prior awards appropriate, and then only to determine the highest or lowest point of an award within that discretion. Coco v. Winston Industries, Inc., 341 So.2d 332, 335 (La.1976); Aymami v. St. Tammany Parish Hospital Service District No. 1, 13-1034 (La.App. 1 Cir. 5/7/14), 145 So.3d 439, 448. In reviewing a general damages award a court does not review a particular item in isolation; rather, the entire general damages award is reviewed for abuse of discretion. Aymami 145 So.3d at 448.
The evidence presented to the jury included a video recording of the inside of *121 the bus as the incident occurred. Directly behind the bus driver’s seat was the large metal box described by Mitchell as “the change box.” Behind that was a row of seats along the side of the bus facing inward. Mitchell sat in the first row of forward-facing seats. The only other passenger on the bus was seated further back. The video shows Simmons’ vehicle turn directly in front of the bus and the bus driver brake to avoid a collision. As the bus stopped, Mitchell moved forward out of his seat, hitting against the change box. He returned to his seat, then moved to recline on one of the inward facing seats. The video contains audio, and Mitchell acknowledged at trial that as he struck the change box, he can be heard stating “I need some money.” When the bus driver asked him if he was hurt, Mitchell responded that he was. Mitchell then stated that he needed “a report” so he could contact a lawyer and requested an ambulance.
Mitchell was transported by ambulance to Terrebonne General Hospital, where he complained of neck and back pain; An x-ray of his thoracic spine was taken, and Mitchell was discharged with medication and instructions for treatment of muscle strain. Approximately one week later, Mitchell began chiropractic treatment with Dr. Gregory Pizzolato. During the course of that treatment, which ^included eighty-eight office visits, two MRI scans were performed and Mitchell was sent for a neurosurgical consultation with Dr. Dee-pak Awasthi. Mitchell testified that he was not interested in having any surgery recommended by Dr. Awasthi, opting instead to continue treating his injuries with pain medication. Mitchell explained that he improved as a result of Dr. Pizzolato’s treatment, but every now and then his back “really hurts.”
At trial, it was revealed that Mitchell had given inaccurate histories to the medical providers who treated him for the injuries he allegedly sustained as a result of the bus incident. For example, Mitchell did not disclose that he experienced seizures and had been diagnosed with seizure disorder as far back as 2000. Nor did Mitchell inform Dr. Pizzolato that he suffered a seizure in December 2012, which caused him to fall on his back, for which he was treated at the neurology clinic of the Leonard J. Ghabert Medical Center, although he saw Dr. Pizzolato only days later. In fact, Mitchell did not relate to the medical providers who treated him for the claimed bus incident injuries that he was already under a neurologist’s care. He further failed to disclose prior injuries, including a 2009 head injury resulting from being struck with a frying pan. Mitchell also misrepresented that he did not drink, when, in fact, he had experienced seizures from alcohol withdrawal. Mitchell acknowledged these inaccuracies at trial, explaining that he did not tecali giving some information and did not understand some questions he was asked. Explaining why he had indicated that he was not an alcoholic, he said he felt his alcoholism had “slacked off.”
Despite the inaccurate history given by Mitchell, Dr. Pizzolato testified that he was confident that the bus incident caused back and neck injuries. However, Dr. David Aiken, Jr., an expert in the field of orthopedic medicine who performed an independent review of Mitchell’s records, disagreed. Dr. Aiken testified that he Rdid not find any convincing evidence that Mitchell sustained injuries as a result of the bus incident.
The jury nevertheless concluded that the bus incident caused injuries to Mitchell and awarded him past and future medical expenses. Neither Simmons nor his insur *122 er appealed or'answered Mitchell’s appeal, therefore those- determinations are not subject to review by this court. See La. Code Civ.- Pro. art. 2133. Mitchell argues that the jury’s award of $1,000.00 in general damages to compensate him for his injuries, an amount he contends is “as close to nothing as you can get,” constitutes a clear abuse of discretion.
Mitchell suggésts that it was inconsistent for the jury to award special'damages but deny meaningful general damages. Simmons counters that the Louisiana Supreme Court has recognized that such'a verdict is not always erroneous. In Wainwright, 774 So.2d at 76, the supreme court acknowledged that as a general proposition, such a jury verdict may be illogical or inconsistent, but held that it is not, as a matter of law, always erroneous. The court explained:
[A] jury,, in the exercise of its discretion as factfinder, can reasonably reach the conclusion that a plaintiff has proven his entitlement to recovery of certain medical costs, yet, failed to prove that he endured compensable pain and suffering as a result of defendant’s fault. It may often be the case that such a verdict may not withstand review under the abuse of discretion standard. However, it would be inconsistent with the great deference afforded the factfinder by this court and our jurisprudence to state that, as a matter of law, such a verdict must' always be erroneous. Rather, a reviewing court faced with [such] a ver-diet ... must ask whether the jury’s determination that plaintiff is entitled to certain medical expenses but not to general damages is so inconsistent as to constitute an abuse of discretion. Only after the reviewing court determines that the factfinder has abused its much discretion can that court conduct a de novo review of the record.
Wainwright, 774 So.2d at 76. The court held that damage awards are dependent on the particular facts of the ease and “there is no bright line rule at work.” Id.
Based on the entirety of the evidence presented, the jury could have reasonably concluded that Mitchell was injured in the bus incident, but not to the j7extent he alleged. The medical records indicate that Mitchell made inconsistent complaints of pain to his various healthcare providers. At trial, Mitchell described that he had improved over the course, of his chiropractic treatment, by Dr. Pizzolato and did not have much pain, yet, he also testified that he “stay[s] in pain.” Dr. Aiken testified that surveillance video conducted of Mitchell’s daily activity after the incident showed him tipping his head back to drink beer. Dr. Aiken expressed his belief that Mitchell would not be doing that if he had a serious neck injury as he claimed.
Mitchell did not present evidence as to the particular effects the claimed injuries had on his daily life, other than testifying at trial that one of the worst effects of his injuries has been his inability to work. Mitchell explained that he was- unemployed at the time of the accident and had boarded the bus at the library where he was using the computer to look for jobs online. However, he also acknowledged that days before the incident, he requested a doctor’s report to support his application for social security disability. .
The jury was called upon to make credibility determinations regarding Mitchell’s damages, Where there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and' inferences are as reasonable. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). Moreover, on review, an appellate court *123 must be cautious not to re-weigh the evidence or to substitute its own factual findings just because it would have decided the case differently. See Guillory, 16 So.3d at 1117. Reasonable persons frequently disagree about the measure of damages in a particular case Youn, 623 So.2d at 1261. After reviewing the record herein, we conclude that the jury did not abuse its discretion in awarding $1,000.00 in general damages.
^CONCLUSION
For the foregoing reasons, the judgment of the trial court that was rendered in conformity with the jury’s verdict is affirmed. Costs of this appeal are assessed to Arthur Mitchell.
AFFIRMED.